## LEE AND WIFE v. KINGSBURY.

It is not necessary to the conclusiveness of a former judgment, that issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment.

It seems that where a mortgage is foreclosed against a husband and wife, the wife cannot resist an action to recover the property by the purchaser under the decree of foreclosure, on the ground that the mortgaged property was her homestead, unless fraud is alleged: and that, too, although the purchaser be the plaintiff in the original action.

Although property be a homestead at the time of the execution of a mortgage thereon by the husband and wife, a judgment of foreclosure and sale may be obtained if it is not a homestead when the judgment is rendered.

Where the statement of facts mentions the omission to copy documents at length, their contents are presumed to be consistent with the judgment, unless the contrary substantially appears.

Appeal from Bexar. Action of trespass to try title, by appellee against appellants, to a lot of ground in the city of San

Antonio, containing fourteen acres. One-half of the lot had been conveyed by the defendants to the plaintiff on the third day of December, 1851. On the tenth day of December, 1852, the defendants sued the plaintiff, alleging that the lot was the separate property of the wife and that the deed, though absolute on its face, was a mortgage, and praying for leave to redeem, &c. The plaintiff admitted the facts alleged, and there was a judgment in the usual from in his favor for $423, on the sixth day of June, 1853, with an order of sale, and an execution against the general property of the plaintiffs for the balance, if any, after selling the mortgaged property. An order of sale was issued accordingly, and the half lot was sold to the present plaintiff on the second day of August, 1853, for the sum of $100. On the return of the order of sale, an execution was issued and levied on the whole of the lot, which was also sold to the plaintiff for the sum of $39, on the 6th day of September, 1853. This suit was brought October 15th, 1853. The petition contained merely general allegations of title. The defendants answered by a general denial, and by a special plea " that said land was the separate property of " Maria Jesusa Lee, (the wife) and her homestead at the time " of the pretended sale to the said Kingsbury in December, " A. D. 1851, upon and about which said jugdment was ren- " dered, and the decree of the Court declaring the said con- " veyance a mortgage was illegal and void. Defendants refer " to the records of said suit," &c. There was a demurrer to the special plea; sustained. On the trial the plaintiff proved the judgment, order of sale, execution, and sales as heretofore stated; boundaries of the lot; and that the defendants were not residing on the lot when the judgment was rendered, but resided " on a lot or their homestead on the opposite side " of the street, and continued to occupy the same to the pres- " ent time." It was proved that the defendants had re- sided off the premises for eighteen months before the judg- ment.

The defendants " offered to prove by the records of the Pro-

"" bate Court of Bexar County that the lot in controversy had
" been set apart by the said Court to the widow of the late
" John W. Smith (the present wife of J. B. Lee, one of the de-
" fendants herein,) as a homestead and as her separate pro-
" perty, under the Constitution and laws, which, upon objec-
" tion by plaintiff was excluded from the jury.  To which
" ruling, defendants by attorney excepted," &c.  The only
part of the charge of the Court, which was assigned for error
was as follows:

A judgment rendered by a competent Court is binding and
conclusive on the rights therein adjudicated, and cannot be
attacked or enquired into in a suit of this kind.

It appeared from all the papers and proceedings that the lot
in controversy had been the separate property of Mrs. Lee.


*D. C. Vanderlip* and *I. A. & G. W. Paschal*, for appel-
lants.

*Buckner & Leigh*, for appellee.


WHEELER, J.  The errors assigned, which it is material to
consider, are 1st. The ruling of the Court sustaining the de-
murrer to the answer.  2nd. The rejection of evidence pro-
posed by the defendant; and 3rd. Insufficiency of the evi-
dence to support the verdict.

The answer of the defendants sought to bring again in liti-
gation in this suit, matters which had been finally adjudicated
and determined in a former suit between the same parties.  It
is an elementary principle, which does not require the support
of argument or authority, that the judgments of a Court of
competent jurisdiction are revisable only in an appellate
Court, and cannot be impeached collaterally.  Every matter
adjudicated becomes a part of the record, which imports ab-
solute verity.  So long as the judgment remains in force, it is
in itself evidence of the right of the plaintiff to the thing ad-
judged, and gives him a right to process to execute the judg-

ment. (10 Pet. 449 ; 3 Tex. R. 447.) It is not necessary to the conclusiveness of the former judgment that issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment. (1 Greenl. Ev. Sec. 534.) The judgment, which the answer proposed to impeach, conclusively settled that the lot, upon which it adjudicated a foreclosure of the mortgage, was not within the homestead exemption at the time of its rendition. That question, therefore, it was not competent for the defendant to bring again into litigation in this action ; unless it had been proposed to impeach that judgment on the ground of fraud, which is not averred or pretended in respect to the judgment. But even if it had been competent to impeach the decree of foreclosure, by averring that, at the time of its rendition, the lot was the homestead of the defendants, the answer does not contain that averment. The allegation is that the lot was the separate property of the wife, and her homestead, at the date of the execution of the deed which was adjudged a mortgage, and on which the decree of foreclosure was rendered. It will not be denied that the wife may alienate her separate property ; and that the husband, with the concurrence of his wife in the forms prescribed by law, may create a mortgage upon the homestead, has been heretofore decided. (Sampson *et al.* v. Williamson, 6 Tex. R. 102.) It is immaterial, therefore, that the lot in question may have been the homestead at the time of the giving of the mortgage. That it was not such at the time of the rendition of the judgment of foreclosure, was conclusively established as respects the matters in controversy in this suit, by the judgment itself. The answer, therefore, proposing to bring again into litigation that question, was manifestly insufficient ; and the demurrer was rightly sustained.

The evidence proposed, to prove that the lot in question had been set apart to the defendant, as a homestead, by the County Court, was rightly rejected for the same reason. Its only effect, if admitted would have been, either to establish

the immaterial fact that the lot had been the homestead at some other time, or to impeach the judgment by proving that it was such at the time of its rendition. The latter, as we have seen, it was not competent for the defendant to do ; and the former was an immaterial matter. It does not appear whether this action of the Probate Court, which it was proposed to prove, was before or after the rendition of the judgment. If before, its effect was defeated by the lot having ceased to be the homestead at the time of the rendition of the judgment, which is thereby conclusively determined ; if afterwards, it cannot be pretended that it could have the effect to defeat the judgment decreeing a foreclosure of the mortgage. The evidence proposed, therefore, was clearly inadmissible ; as being either immaterial and irrelevant, or incompetent to prove any material issuable fact in support of the defence. It was inadmissible for the further reason that, the demurrer to the answer having been sustained, there was no answer in, and, consequently, no averment to lay the foundation for the admission of the evidence.

The remaining objection to the judgment is, that the evidence was not sufficient to warrant the verdict, and entitle the plaintiff to a recovery. This objection is not tenable. The ground of the objection is that the judgment and execution, under which the premises were sold, are not embraced in the statement of facts. The statement of facts, however, shows that both were in evidence before the Court. It states that the plaintiff gave in evidence the decree, and the Sheriff's deed, " made under an order of sale, and execution, regularly issued from said Court, upon the judgment in case No. 801," &c. It is evident, therefore, that the judgment and execution were before the Court. And the Clerk is directed by the parties, in the statement of facts signed by their attorneys, to omit copying them into the record ; for the reason, doubtless, that no question was made upon them, and it was proposed to avoid encumbering the record needlessly by their insertion. The objection therefore is not well taken in point of fact. It

is enough for the plaintiff's case, that the evidence was before the Court. Every intendment is in favor of the judgment; and if any advantage was to be derived by the defendant, from an inspection of the instruments of evidence by this Court, he should not have concurred in instructing the Clerk to omit them ; but should have had them inserted in the record.

Finally, it may be observed, that it abundantly appears by the statement of facts, that the defence of the homestead exemption, sought to be introduced by the defendants in the Court below, and insisted on in argument in this Court, was without any foundation in fact. It is fully proved beyond a question, that the lot in controversy had ceased to be the homestead of the defendants, long before the rendition of the judgment foreclosing the mortgage, in June, 1853, and the sale under execution in pursuance thereof, in August of the same year. If, therefore, the ruling of the Court in the matters complained of had been in favor of the defendants, the final result, upon the merits of the case, must have been the same. The judgment is affirmed.

Judgment affirmed.