## Adele McMurray v. F. J. McMurray.

### No. 6523.

1. **Opening a Decree on Ground of Perjury.**—In a suit to annul a decree dividing the community property, rendered in a divorce proceeding, on the ground that it had been procured by fraud and perjury, the proceedings so far as they related to the divorce not being attacked, errors of the trial court touching matters settled by the granting of the divorce are immaterial.

2. **Practice—Suit to Open a Decree Obtained by Perjury.**—In the trial of a suit to open a decree on ground that it was procured by perjury it devolves upon the plaintiff to show the testimony produced on the former trial, and to show that it was false. Until this was done the matter of the justice or injustice of the first judgment could not be considered.

3. **Testimony—Value.**—That property was sold soon after the decree attacked for a much larger sum than it was estimated at in the decree does not show that all the facts necessary to estimate the value were not before the court

APPEAL from Live Oak. Tried below before Hon. D. P. Marr.

Appellant and appellee intermarried in Louisiana in 1874. At the time of the marriage appellee owned 1720 acres of land in Live Oak County, Texas. On the 24th day of May, 1876, he sold one-half of the land for $861, and with this money improved the remaining one-half. Subsequently appellant and appellee moved on the land, and resided there until July 4, 1879, when appellant voluntarily abandoned appellee and returned to her mother in Louisiana, where she has resided ever since.

In April, 1879, appellee brought a suit for divorce, which was dismissed in November, 1880. On the 1st day of December, 1882, appellee brought a second suit for divorce, alleging as the ground for divorce abandonment. This suit was tried March 15, 1883, and a decree divorcing the parties was rendered. In this suit the community estate was shown to consist of personal property of the value of $5400, and was equally divided between the parties.

This suit was filed by appellant on September 19, 1883, to recover of appellee one-half of $55,000, which she alleged was the value of the community estate at the date of the decree of divorce, March 15, 1883. The case was tried March 16, 1888, and resulted in a verdict of a jury and judgment of the court in favor of appellee. Plaintiff appealed.

*T. A. Blair*, for appellant.— 1. The fact that the husband had sued the wife for a divorce precludes the idea of his then living with her, and there could be no willful or voluntary abandonment.

2. The false allegation and proof of abandonment, and the false promises in securing the signature of appellant to the deed of the homestead, were frauds as great upon the court and appellant as the false evidence given by defendant about the property.

3. For the wife to forfeit her right to any community interest by aban-

donment, such abandonment must be willful, voluntary, and without fault on the part of the husband. And the converse of the proposition is true, that if the wife is compelled to leave or abandon the husband by the fault of the husband, she forfeits no rights, homestead or other. Whetstone v. Coffey, 48 Texas, 272–277; Sears v. Sears, 45 Texas, 559; Newland v. Holland, 45 Texas, 590; Wheat v. Owens, 15 Texas, 244; Earle v. Earle, 9 Texas, 632; Duke v. Reed, 64 Texas, 713; McGowan v. McGowan, 52 Texas, 665; Pinkard v. Pinkard, 14 Texas, 357.

4. The court erred in the second paragraph of his charge in instructing the jury that "neither the court nor the jury had anything to do with the justice or injustice of the former decree," because it was calculated to mislead the jury.

*J. M. Eckford,* for appellee.— 1. This was not a suit to annul the decree for divorce; and there being no evidence of any other community property than that divided by the decree of March 15, 1883, no charge on what would constitute abandonment was necessary.

2. This suit was brought to recover property, not to annul the decree for the divorce. The appellee was the only witness who testified about the community estate in the divorce suit, and hence the charge was a proper one. The alleged fraud in procuring the signature of appellant to the deed to the homestead was foreign to the issue. The homestead was the separate property of appellee.

3. The question of abandonment having been fully settled by the decree of March 15, 1883, and there being no testimony showing that that decree was obtained by fraud or false swearing, no further charge on that subject other than the court gave was necessary or applicable.

4. There being no evidence whatever that the former decree was obtained by fraud, deceit, or false swearing, the court could not with propriety charge the jury other than it did.

COLLARD, JUDGE.—The nature of this case and its object will be found in 67 Texas, 667. The suit is to reopen a decree of the District Court of Live Oak County wherein a divorce was granted to F. J. Mc-Murray, the appellee, on his petition against appellant, and a division of property was ordered. The suit is to vacate the judgment only as to the division of property, upon the ground that it was obtained upon false testimony produced on the trial by the appellee.

The petition alleges that the divorce suit was brought by defendant with the wicked intent to cheat and defraud petitioner of her interest in the community property; "that defendant willfully and with the wicked intent to cheat and defraud petitioner, procured and introduced false evidence to prove said abandonment, and with like intent himself did testify falsely as to the amount and value of said community property; that said

division was made on said false testimony so procured and given by defendant, which was a fraud upon the court, and grievously defrauded your petitioner; that said decree was so made on proof by defendant that said abandonment occurred on the 4th day of June, 1878, and that none of the increase of the property was allowed her after that date; that on the trial of said cause the defendant testified to the amount and value of his estate, that he was worth only the sum of $20,000, and that the same was his separate property, when in truth and in fact at the time of said decree defendant had in his possession $55,000 worth of property, as is evidenced by his sale of said property in the month of July, 1883, a short time after said decree was made, all of which was community property."

There was a verdict and judgment for defendant, and Mrs. Adele Mc-Murray has appealed. She assigns as error the failure of the court to instruct the jury that there could be no voluntary or willful abandonment by plaintiff while a suit for divorce was pending against her. This is a correct proposition of law, but it has no application in this case.

The suit is not for the purpose of vacating the decree for divorce which was granted on the ground of abandonment. Whether it was rightfully or wrongfully granted we can not inquire. Appellant claims, however, that on the first trial she was only allowed a share in the community property that accumulated up to the time of her alleged abandonment. The record gives us very little information of what evidence was before the court on the divorce trial or upon what hypothesis the property was divided. It was incumbent upon the plaintiff to show what testimony was offered on the former trial as alleged, and that it was false. It does not appear but that all the testimony adduced on the last trial was produced on the original trial. If, however, the judgment could have been opened at all—that is, if the evidence was insufficient in the estimation of the court and jury—then it would have been proper for the court to have charged the jury that plaintiff should have received her share of the property, its gains and increase, up to the time and as it existed at the time the divorce was granted.

The charge which appellant says the court improperly omitted does not embrace this principle, but rather that she would forfeit her share of the gains or accumulations of community property after her voluntary abandonment.

The rights of the wife in the homestead may be forfeited by abandonment. But at the time the divorce was obtained there was no homestead of the family. It was the separate estate of the husband, and the proceeds of its sale were his in his separate right. Whatever improvements had been put on the land after the marriage were made out of his separate estate. There was no necessity for a charge on forfeiture of homestead rights by abandonment; but the court did tell the jury that the proceeds

of the sale of the homestead, separate estate of the husband, would be community unless the wife had voluntarily abandoned her husband and home.

We have seen that the proceeds of the sale of the homestead, if separate estate, would not become community. This error in the charge was error in favor of plaintiff, of which she can not complain, and it did not therefore require any qualifying instructions as to abandonment.

It was not error to tell the jury that they would only consider whether defendant himself gave false evidence on the first trial as to value of the property. It does not appear that any one else testified on the subject. The time when the abandonment occurred—when it was alleged in the original petition—was unimportant. The divorce was granted, and the grounds of it were not in issue. There might have been fraud in that suit in obtaining the divorce because of separation of the wife from her husband that would not amount to legal abandonment, but we can not review that part of the case, because it is not impeached in this suit.

We find nothing in the record that induces the belief that her property rights were fixed in the original suit by the time of actual or alleged abandonment. From what we see of the evidence offered on that trial the status of the property at the time of the decree was then the question. If the court did on that trial establish her rights in the property upon the erroneous assumption·that her abandonment would deprive her of subsequent acquisitions by her husband or increase of the estate, it would amount to nothing more than a mistake of law—an injustice in the application of the law to the facts. For it does not appear that all the acquisitions and the entire status of the property were not before the court as fully on the first as on the last trial.

The complaint that injustice was done in the first suit is not the question in this case. In this suit it devolved upon the plaintiff, before the decree of the court could be set aside and the case reopened for further investigation as to rights of property, to show that her allegations of fraud and corrupt evidence upon the very matter to be investigated were true. Until this was done the evidence as to distribution of property, its character, and erroneous rulings of the court could not apply. Because there was injustice done or because the court committed error would not authorize another judicial investigation.

We think it was entirely proper for the court to put this view of the case plainly before the jury, and to instruct them, as he did do in this connection, that if the allegations of fraud were not proved neither they nor the court would have anything to do with the justice or the injustice of the former judgment.

We have considered every supposed error assigned that requires discussion, and find none that would authorize a reversal of the case. The verdict was not opposed to the law or the facts as shown on the trial. There was a total failure on the part of the plaintiff to prove her allegations of

fraud and false testimony, and the jury should have so found.    There was evidence showing that in a few months after the first trial the property in the hands of defendant was sold for much more than he estimated it at on such trial, but this does not show that all the facts necessary to estimate the value were not then before the court nor that it was estimated upon corrupt evidence.    He may have sold it for much more than its value.

Our opinion is that the judgment of the court should be affirmed.

*Affirmed.*

Adopted November 11, 1890.