## HARKNESS v. McQUEEN et al.

### No. 11907.

Court of Civil Appeals of Texas. Galveston.
Oct. 9, 1947.

Rehearing Denied Jan. 15, 1948.

Stewart, Burgess & Morris, Sam W. Mintz and W. Carloss Morris Jr.; all of Houston, for appellant.

Geo. B. Darden, of Conroe, and W. J. Knight, of Houston, for appellees Martelia Harkness McQueen and Tolbert F. Mc-Queen.

Kenneth Krahl, of Houston, for appellees Edgar P. Bean and Blanche M. Bean.

CODY, Justice.

This is an appeal by plaintiff from an order sustaining the pleas of privilege of defendants, and transferring the cause to the District Court of Montgomery County. The defendants are Martelia Harkness McQueen, plaintiff's former wife, and her present husband, together with Mr. and Mrs. Bean. It is plaintiff's contention that Exception 30 to the venue Statute, Art. 1995, is here controlling. Said Article and said Exception read:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"30. Special venue.—Wherever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Rule 329, Texas Rules of Civil Procedure, in part provides:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection:

"(a) The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases." (With certain changes the rule is former Art. 2236).

Plaintiff, who resides in Florida, has denominated his pleading which institutes the present proceeding, "his Petition and Motion for New Trial in Cause No. 322,231, styled Martelia Harkness v. Ralph Harkness in the 55th District Court of Harris

County, Texas." In his said "petition and motion for new trial" plaintiff alleges: That his former wife, Martelia Harkness McQueen, instituted the divorce action, and in her petition alleged that no property was accumulated during their marriage; that service of citation was had upon him by publication, and he did not appear in person and was not represented in the action by an attorney of his own choice, etc. That in said divorce case the court found upon the false testimony of his former wife that no property either real or personal was accumulated during their marriage; that the decree was rendered December 22, 1945.

Plaintiff's pleading then alleges, among other things, that he and his former wife, on March 26, 1936, acquired five acres of land in Montgomery County, which he specifically describes. He further alleges that, unless that part of the decree which finds that no community estate existed between him and his former wife is set aside, he will be deprived of valuable property rights. Plaintiff's petition then proceeds to set up an action in trespass to try title to the five acres of land in Montgomery County as against defendants, Martelia Harkness McQueen, and her present husband, and defendants Edgar Bean and wife (to whom the McQueens allegedly conveyed said five acres of land). The petition then, among other things, alleges that the purchase price received by the McQueens from the Beans was used to buy certain land in Freestone County, and in the alternative seeks to impress same with a trust in his favor. It should be added that plaintiff was cited by publication in his divorce action.

By his prayer plaintiff asks: (1) That the Court grant a new trial in the divorce proceedings, and so much of the judgment, as finds that he and his former wife owned no community property, be set aside. (2) That plaintiff recover title to the five acres of land in Montgomery County against the defendants. (3) That plaintiff at least recover part interest in the five acres. (4) That plaintiff at least have a constructive trust impressed on the Freestone County land.

The plaintiff predicates his appeal upon three points.

1. The error of the court in sustaining appellees' pleas of privilege, since the pleadings and evidence show this was a motion for a new trial, under Rule 329, filed in the District Court of Harris County, Texas, where the original case was tried.

2. The error of the Court in considering the effect of the former decree in Cause No. 322,231, in hearing the pleas of privilege, since the Court should look solely to the pleadings to determine the nature of the case, for the purpose of determining venue, where a motion for new trial is filed, and not decide the case on the merits.

3. The error of the Court in sustaining appellees' pleas of privilege, since said pleas did not allege that the allegations in appellant's petition and motion for new trial were made for the fraudulent purpose of conferring venue on the District Court of Harris County.

We have concluded that plaintiff's points must be overruled.

### Opinion

We assume for purposes of this case, without deciding it, that there was no fatal defect arising out of the fact that there are, among the Civil District Courts of Harris County, the Eleventh District Court of Harris County and the Fifty-Fifth District Court of Harris County, and that the pleading filed by plaintiff was filed in the Eleventh District Court, seeking a new trial in a cause that had been tried and judgment rendered in the Fifty-Fifth District Court.

No attack is made here by plaintiff upon so much of the judgment in the divorce action as decreed the divorce. However, it was alleged in the petition for divorce that no community estate subsisted between the parties to the divorce, and the plaintiff in that action testified in support of said allegation in the same general terms as that in which the allegation was framed; and in the same general terms, the Court found or recited that there was no community estate belonging to the parties. In the present proceeding, the plaintiff asserts that he is seeking a new trial of the former proceeding. Strictly speaking, this is not so. What he is seeking is to modify the

judgment in so far as it recites, or finds, that there was no community estate belonging to the parties to the divorce action.

 It is the position of plaintiff that the statement in the divorce decree to the effect that there was no community estate accumulated during the marriage relation between plaintiff and Mrs· McQueen is res adjudicata, and must be set aside in order to enable plaintiff to litigate his rights to property which he alleges was accumulated during the marriage, including the five acres in Montgomery County. We disagree with this contention. The power vested in the courts to grant divorces is strictly regulated by statute. The power of the District Court to partition the estate of the parties to a divorce action is a special one conferred by R.C.S. Art. 4638; Kirberg v. Worrell, Tex.Com.App., 44 S.W.2d 940.

 Art. 4638 reads: "The Court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate·" Though formerly held otherwise, it is now well settled that the failure of the court to exercise this power, to decree a partition of the estate of the parties in decreeing the divorce, does not forfeit the right of either party to bring a partition suit subsequent to the divorce decree. See Kirberg v. Worrell, supra. It is further well settled that where the divorce decree purports to partition certain specific property, that other property, which is not brought within the scope of adjudication, may be partitioned in a subsequent partition suit. Id.

 The principle established by Kirberg v. Worrall is this: That where a divorce decree fails to partition specific property, a subsequent independent suit to partition same can be brought. We think the reason is clear. In addition to the fact that the power of the district court to partition in a divorce suit is a special one, there is this principle which applies with special force to real estate. Where a tract of land is taken in the name of a wife, the husband owns a vested right therein. He can be divested of such rights only by conveying same, or by a judicial proceeding which divests of his title. In order to divest of title, the land must be described sufficiently to identify it.

 In any case, under the authority of Kirberg v. Worrell, supra, the recitation in the divorce decree that no property was accumulated during the marriage between plaintiff and Mrs. McQueen is not res adjudicata so as to prevent him from bringing a suit to partition land which is shown by a deed to have been acquired during the marital relationship between the two. And since it appears that the plaintiff is not seeking a new trial of the divorce action, but seeking to have a partition of community property which was not partitioned in the divorce action, the Court properly transferred the venue of the case in response to the plea of privilege.

Judgment is affirmed·

### On Appellant's Motion for Rehearing.

 We now hold, what we assumed without holding on original hearing, that it was not a fatal defect for appellant to have filed under Rule 329, Texas Rules of Civil Procedure, his petition and motion for a new trial in Cause No. 322,231, styled Martelia Harkness v. Ralph Harkness in the 55th District Court of Harris County, Texas, under a different style and number, in a different district court of Harris County. Rule 330, T.R.C.P. (see Sections (a) and (e), provides broad powers with respect to the transfer of cases and proceedings therein, from one to another of the civil district courts of Harris County, and with respect to the interchange of the judges. By force of Rule 330 the jurisdictions of said courts and the functions of the judges thereof have been integrated, and made interlocking as far as possible without obliterating the identity of the courts.

 Said courts have the same Clerk. And proceedings are instituted by being filed in his office, and they are filed by him by rotation in the various courts. After a cause has been lodged in a particular court it may be transferred, or any proceedings

therein transferred to another of the courts, and in effect such transfers can be made informally by one of the judges of another court sitting as judge of the court wherein the case is formally lodged, though said judge remain in his own courtroom. In this proceeding the judge of the 55th Judicial District was the judge who tried same, he having tried the former divorce action. Had this proceeding been filed in the 55th District Court, any of the other judges could have tried same either by having same transferred to his court in the court's docket, or having it informally transferred by sitting as judge of the 55th District, though he would actually sit in his courtroom. The only limitation that presently occurs to us, to the exercise of this integrated jurisdiction by the Judges is this: the judge of one of the courts cannot dismiss a case for want of prosecution at the time it is in the process of being tried in another court. See DeZavala v. Scanlan, Tex.Com.App., 65 S.W.2d 489. Of course in a county where there is only one judge, he cannot both hold a case under consideration and at the same time dismiss for want of prosecution.

The fact that the petition for motion for new trial was filed under a different style and docket number does not prevent it from being treated as a motion for new trial. Smith et al. v. Higginbotham et al., Tex.Civ.App., 112 S.W.2d 770, 773; Bachus v. Roper, Tex.Civ.App., 195 S.W.2d 261. See Hunsinger v. Boyd et al., 119 Tex. 182, 26 S.W.2d 905. It is the substance of the petition which determines its nature, not its endorsement nor docket number. See the Bachus case, supra. Here appellant's petition not only recited that it was his "Petition and Motion for New Trial in Cause No. 322,231, styled Martelia Harkness v. Ralph Harkness in the 55th District Court of Harris County, Texas," it contained all the requirements of Rule 329. He alleged he had no actual knowledge of the pending of the divorce action, and that he had a meritorious defense to the claim of his former wife asserted in the petition that no community property had been accumulated during marriage, etc.

A suit for partition of the estate of the parties, which is embraced in a suit for divorce, is severable therefrom. We do not question that a defendant in such an action, who has been served by publication, can proceed under Rule 329 to set aside only so much of the judgment rendered in the divorce suit as partitioned the estate of the parties, without also proceeding against so much of the judgment as decreed the divorce. This was in fact done in Bracht v. Bracht, Tex.Civ.App., 107 S. W. 895, and we have found no authority holding to the contrary.

But we adhere to our conclusion that the court's finding to the effect that there was no community property accumulated during the marriage would not bar a subsequent suit by appellee for partition of community property. The allegation in the wife's petition that there was no property accumulated during marriage was entirely collateral to the only issue on which she sought relief, i. e., divorce. Her petition was not one for partition of the estate of the parties, and in addition to an express prayer for divorce, there was only a prayer for general relief. Not only was no judgment based on said finding, none could be based thereon for want of any support in the pleading. The allegation that "there was no property accumulated during said marriage" is not tantamount to alleging that the wife had accumulated separate property during the marriage which was her separate property. There was no allegation that she owned any separate property, and no basis alleged for partitioning to her any separate property. Any such allegation would doubtless have been closely scrutinized as to proof.

The court could not have supposed that he was adjudging to the wife any property as being her separate property. Therefore Hume et al. v. Schintz et al., 90 Tex. 72, 36 S.W. 429, is not here in point. The situation here is ruled by such authorities as Kuehn v. Kuehn, Tex.Com.App., 242 S.W. 719; Philipowski v. Spencer, 63 Tex. 604; and Word v. Colley, Tex.Civ.App., 173 S.W. 629, writ refused.

The motion for rehearing is refused.