**Carroll Alan LADD, Appellant,**

v.

**Sandra Sue LADD, and J. R. Stump, Appellees.**

**No. 7608.**

Court of Civil Appeals of Texas.

Amarillo.

April 11, 1966.

Rehearing Denied May 23, 1966.

H. M. Hood, Borger, for appellant.

Gene E. Steed, Perryton, for appellees.

CHAPMAN, Justice.

This is an appeal from a summary judgment granted Sandra Sue Ladd, and her father, J. R. Stump, defendants below, against Carroll Alan Ladd, plaintiff below.

Sandra Sue Stump and Carroll Alan Ladd were married on September 3, 1959. Two children were born to that union before they separated on April 3, 1964. Suit for divorce, custody of the two children and the division of community property was subsequently filed by Sandra Sue Ladd in Cause No. 2702 and tried to a jury beginning on November 18, 1964. Upon three issues submitted, the jury found (1) excessive cruel treatment and outrages com-

mitted by the husband against the wife were of such a nature as to render their further living together insupportable; (2) that Mrs. Ladd did not condone such actions; and (3) that the interests of the children would be best served by awarding their custody to the mother. Defendant, Ladd, in said cause made no affirmative allegations concerning plaintiff's pleadings as to the extent of their community property, but only denied the allegations of plaintiff's pleadings.

On November 20, 1964, the court rendered its judgment in accordance with the issues found by the jury, required the father to contribute $40 per month to the support of each child and found from the pleadings and evidence presented " * * * that the only community property on hand to be divided by the court consists of one 1964 GMC pickup, subject to an outstanding indebtedness; one 1964 Ford Thunderbird automobile, subject to outstanding indebtedness; and a federal income tax refund claim in the amount of " * * * $273.11."

The court then awarded one-half of the tax claim for refund to each party and the two mentioned motor vehicles to Carroll Alan Ladd, requiring him to assume the indebtedness against each.

On August 24, 1965, appellant Carroll Alan Ladd, filed suit against his former wife, Sandra Sue Ladd, and her father, J. R. Stump, individually and as trustee of her separate estate, for $68,584.36 alleged to be his part of the community property of the estate, alleging he was prohibited from acquiring his part of the community property at the time of divorce and division thereof because of lack of proper legal representation. Motion for summary judgment was filed by appellees, accompanied by (1) an exhibit showing a temporary injunction granted by the district court on July 17, 1964, enjoining a forceable entry action in justice court in which appellant was seeking to recover from J. R. Stump, Trustee, the right of possession of a section and a quarter of land constituting the separate

property of Sandra Sue Ladd; (2) the judgment for divorce, custody of the children and adjudication of community property rights in Cause No. 2702; and (3) an affidavit by appellees' attorney, Gene E. Steed, showing that appellant had been first represented by James P. Linn of Spearman prior to the trial in the divorce proceedings and by Henry B. (Bob) Porter of Dumas in the divorce hearing before a jury. Mr. Linn in open court, in appellant's presence, had asked the court's permission to withdraw from the case and had been granted such permission by the court. Appellant had then employed Mr. Porter of Dumas, who represented him in the divorce proceedings in which the trial court had made the above findings concerning the extent of the community property.

In the Motion for Summary Judgment the former judgment, No. 2702, was asserted to be res adjudicata as to all community property rights appellant owned in the community property of himself and Sandra Sue Ladd.

In granting the Motion for Summary Judgment the court found the community property rights being asserted in the instant case are the same identical community property rights in issue in Cause No. 2702 and therein adjudicated.

The record shows that Sandra Sue Ladd, in the petition upon which she went to trial, had specified in her petition the specific items constituting all their community property. The husband pleaded a general denial thereto. The trial court in its judgment here under consideration found that such pleadings " * * * brought into issue the community property rights of the parties in any and all community property they had or might have had" and " * * * that the judgment entered in said Cause No. 2702 is a complete bar to this action on the basis of res adjudicata." We hold the trial court was correct in so holding.

No fraud was pleaded by appellant against appellees in concealing community

property, in misrepresentations as to the extent of their community holdings or any excusable accident or oversight in the discovery thereof. In fact, his effort to adjudicate in justice court during the pendency of the divorce proceeding a claimed lease on Sandra Sue Ladd's separate real estate shows his knowledge of the principal claim asserted here.

Even where a plaintiff in a suit to set aside the decree dividing community property in a divorce case had alleged fraud and corrupt evidence, the Supreme Court of Texas held until she proved her allegations upon the very matter to be investigated were true the evidence as to distribution of property, its character, and any erroneous rulings of the court could not apply, and that even though an injustice was done, or the court committed error, such did not authorize another judicial investigation. McMurray v. McMurray, 78 Tex. 584, 14 S.W. 895.

■ In an even earlier case the Supreme Court of Texas held in Nichols v. Dibrell, 61 Tex.Rep. 539 as follows:

"It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. * * * Or, as differently expressed, 'the plea of *res judicata* applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time.' Aurora City v. West, 7 Wall. [82] 106 [19 L.Ed. 42].

"This court has frequently indorsed this principle and adhered to it whenever it has been called in question. Lee v. Kingsbury, 13 Tex., 68; Tadlock v. Eccles, 20 Tex., 782; Chilson v. Reeves, 29 Tex., 275; Webb v. Mallard, 27 Tex., 80; Cayce v. Powell, 20 Tex., 767; Taylor v. Harris, 21 Tex., 439 [438]; Baxter v. Dear, 24 Tex., 17."

The Fort Worth Court of Civil Appeals in Kirberg v. Missouri State Life Ins. Co., Tex.Civ.App., 30 S.W.2d 663, 665 followed the authority just quoted, quoting verbatim therefrom. In Kirberg v. Worrell, Tex. Com.App., Sec. A, 44 S.W.2d 940, 942, the Commission of Appeals in passing on the appeal in the case just cited stated: "We are not in disagreement with the general rules of law announced by the Court of Civil Appeals * * *."

■ In a very recent case the Supreme Court of Texas in Ogletree v. Crates, Tex., 363 S.W.2d 431, speaking through Chief Justice Calvert in a child custody case has said: "The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried." It cannot be denied from this record that if there was community property other than that listed in Mrs. Ladd's pleadings for divorce and division of the community estate the question could not have been litigated in that action nor that it properly belonged to the subject of litigation therein.

■ Applying the rules of law herein quoted to the summary proceedings here under consideration, we hold the trial in Cause No. 2702 was res adjudicata of the subsequent proceedings seeking to re-litigate the community property question.

Accordingly, the judgment of the trial court is in all things affirmed.