**Mary Lou BUSBY, Appellant,**

v.

**Earl E. BUSBY, Appellee.**

No. 11653.

Court of Civil Appeals of Texas.

Austin.

Jan. 29, 1969.

Appellee's Rehearing Denied March 26, 1969.

Appellant's Rehearing Granted
March 26, 1969.

Appellee's Third Motion for Rehearing Denied
April 16, 1969.

Mitchell, Gilbert & McLean, Phillip W. Gilbert, Charles E. Johanson, Austin, for appellant.

Jones, Blakeslee, Minton, Burton & Fitzgerald, Charles R. Burton, Austin, for appellee.

PHILLIPS, Chief Justice.

This suit was brought by a former wife against her former husband for one-half of certain Air Force retirement benefits which had become due the husband but which had not been included in the division of the property at the time of the divorce.

The trial was to the court sitting without a jury and at the conclusion thereof, judgment was entered that the wife take nothing by her suit. The trial court filed findings of fact and conclusions of law and the wife has duly perfected her appeal to this Court.

We reverse and render.

## I.

The appellant wife is before this Court on three points of error, the first being that of the court in rendering judgment against her because her cause of action for a division of her husband's Air Force retirement benefits was not barred under the doctrine of res judicata by the judgment in Cause No. 117,417, Mary Lou Busby v. Earl E. Busby in the 126 District Court of Travis County, Texas; the error of the court in its conclusion of law to the effect that the wife's undivided one-half interest in appellee husband's retirement benefits could no longer be asserted because she had failed to request a division of such benefits in her prior divorce action; the error of the court in its conclusion of law to the effect that the appellant wife's cause of action for her undivided interest in her former husband's retirement benefits was barred under the doctrine of res judicata by the judgment in her prior divorce action, since that prior judgment had not awarded any interest in such benefits to either party.

'We sustain these points.

Briefly summarized, the trial court's findings of fact were to the effect that the defendant had joined the Air Force on September 14, 1942; that he had married the plaintiff on March 1, 1946; that the parties remained married until June 25, 1963, at which time they were divorced by judgment of the 126th Judicial District Court of Travis County, Texas, in Cause No. 117,-417; that at that time the defendant had completed more than twenty years and six months of active service with the United States Air Force, vesting him with the right to retirement at a monthly pay rate for the remainder of his life based upon his permanent rank of Major and 21 years of service; that the parties had not entered into any agreement regarding their property rights in the retirement benefits prior to their divorce; and that the divorce judgment had listed certain properties acquired by the plaintiff and defendant during their marriage, and, with the exception of the homestead, had ordered the division of the items of property so listed, but that the divorce judgment had not listed the retirement benefits of the defendant.

The trial court's conclusions of law were to the effect that the defendant's retirement benefits were the community property of the plaintiff and the defendant; that the court which had decreed their divorce had jurisdiction to partition and apportion those benefits between the plaintiff and the defendant; but that the prior judgment of divorce, which had partitioned certain other properties, made the plaintiff's cause of action a matter res judicata.

The divorce decree reads, in part, as follows:

"The Court further finds that plaintiff and defendant acquired out of community funds, during their said marriage, the following real and personal property:

A house and lot located at 4703 Round Up Trail, Austin, Travis County, in

which home plaintiff and defendant have an equity;

Household furniture and effects located in said home;

A 1957 Mercury automobile;

A 1956 Rambler automobile; and

Funds on deposit

And it is hereby ORDERED, ADJUDGED and DECREED by the Court that the house located at 4703 Round Up Trail, Austin, Travis County, Texas, be, and the same is hereby set aside for the use and benefit of plaintiff and the minor child until the minor child shall attain the age of twenty-one years; and that all payments made on said home at 4703 Round Up Trail, Austin, Travis County, Texas, on the mortgage of said home, and all taxes, insurance and repairs to the home, hereafter made by the plaintiff, Mary Lou Busby, are to be applied to plaintiff's separate interest in said real property; and

It is further ORDERED, ADJUDGED and DECREED by the Court that the household furniture and effects and the 1957 Mercury automobile shall be, and the same are hereby awarded to plaintiff, Mary Lou Busby, as her separate property; and

It is further ORDERED, ADJUDGED and DECREED by the Court that the 1956 Rambler automobile shall be and same is hereby awarded to the defendant, Earl E. Busby.

The Court further ORDERS that all bank accounts as of this date are to be divided equally between plaintiff and defendant."

The appellee contends that the court having partitioned the property in the divorce decree, mentioned above, the matter is res judicata and cannot be reopened, citing Ogletree v. Crates, 363 S.W.2d 431 (Tex. 1963). Ogletree is not a divorce case; however, Ladd v. Ladd, 402 S.W.2d 940 (Tex.

Civ.App. Amarillo 1966, writ ref'd n. r. e.) and Foster v. Foster, 366 S.W.2d 680 (Tex. Civ.App. Amarillo 1963, writ dism'd) both cited by appellee, are divorce cases wherein the Courts refused to allow litigants in former divorce actions to bring alleged community property into litigation that had not been included in the former divorce decrees. In each of these latter cases the Court held that the moving parties were barred by the doctrine of res judicata. These cases are not in point here.

The law controlling the property in question is, stated by the Supreme Court, through its Commission of Appeals, in Kirberg v. Worrell, 44 S.W.2d 940 (Tex.1932), which states the rule that where a divorce decree purports to partition only certain property, the district court may in a later suit partition other property not included in the divorce decree.

In the case at bar the decree sought only to partition certain property. It did not undertake to partition the homestead but left this to be done at a future date. In Kirberg the Court said:

" * * * but, when we come to examine and construe the judgment as a whole, and especially the decreeing part, we find that it partitions and divides to Mrs. Kirberg, then Mrs. Worrell, certain particular and specified property. It then partitions and divides to the defendant, R. G. Worrell, certain particular and specified property. The judgment proceeds no further with reference to such matters, and contains no general clause awarding property not specifically awarded to either party. We are therefore at a loss to understand how it can be said that this judgment has awarded the property here involved to the husband, since it is neither specifically nor generally awarded to him in the judgment. In other words, if the judgment is held to completely partition the community estate, how can it be said that such judgment has operated to give the husband any better title to the property here in dispute than it gives the

wife? The judgment when considered as a whole simply does not partition, nor purport to partition, anything except the property particularly awarded to each of the parties. Where such is the case, the judgment cannot be held to preclude either party from demanding a partition of community property not therein included."

■ We hold that here appellant is seeking the determination of a property interest that was not actually awarded to either party by the divorce decree; and further, that the abovementioned decree did not purport to divide all of the community. This latter aspect of the decree distinguishes this case from *Ladd* and *Foster*, above, where, in the former *all* of the community property was divided by the Court and, in the latter, where the community property was divided by agreement. See Ex Parte Joy Williams, 160 Tex. 314, 330 S.W.2d 605 (1960).

## II.

■ Appellee brings four cross points which we shall consider together. The first is that the trial court has no jurisdiction to partition and apportion the Air Force retirement benefits of appellee as between him and appellant since those benefits are vested in appellee by federal law and no state court can determine ownership of the benefits in conflict with such federal law; the second is that the trial court erred in its conclusion of law that the retirement benefits of the appellee were community property at the time of the divorce of appellant and appellee since appellee never possessed a "property right" in such benefits during marriage; the third is that the trial court erred in its conclusion of law that the retirement benefits of appellee were community property at the time of the divorce since any property right acquired by appellee had its inception prior to his marriage to appellant; the fourth is that appellant has shown no satisfactory method of determining the extent of her interest in the retirement benefits.

We overrule these points.

Herring v. Blakeley, 385 S.W.2d 843 (Tex.1965) in holding that a profit sharing plan and an annuity contract in existence at the time of the marriage but not payable until after the divorce was community property to be considered and divided at the time of divorce, cited with approval Lee v. Lee, 112 Tex. 392, 247 S.W. 828 (1923), wherein it was argued that the benefits under a plan to which the employer made all the contributions were gifts to the employee, hence his separate property. The Commission of Appeals rejected the argument saying:

"It was in no sense a donation to the employe for individual merit, but was manifestly additional compensation for faithful and continuous service. It was as much a fruit of his labors as his regular wages or salary. It was in the strictest sense a 'gain' added to the common acquests of the marital partnership, as the direct result and fruit of his labor and services."

In further support, the decision of the Court in Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App. San Antonio 1968, writ dism'd), held that the husband's interest in an armed services retirement plan was "an earned property right" which accrued by reason of military service, and under Vernon's Ann.Tex.Rev.Civ.Stat. art. 4619, and the portion thereof earned during marriage constituted community property.

The United States Court of Appeals for the ninth circuit in Commissioner of Internal Revenue v. Wilkerson, 1966, 368 F.2d 552 upheld Arizona law declaring service benefits to be community property of serviceman and wife residing in Arizona.

■ We reverse the judgment of the trial court and render judgment that appellant receive one-half of the $21,690.53 which represents payments made to Earl E. Busby in retirement pay from July 30, 1963

through January 31, 1968 with 6% annual interest from the latter date, and further appellant is hereby awarded one-half of all such payments received by appellee since the date of trial together with 6% interest thereon from the date of each such payment and is further awarded judgment for one-half of all future payments as and when received.

Reversed and rendered.