William R. CLENDENIN, Appellant,

v.

Lois Joy KROCK, Appellee.

No. 15371.

Court of Civil Appeals of Texas, San Antonio.

June 11, 1975.

Rehearing Denied Oct. 1, 1975.

Forrest A. Bennett, Bennett & Leger, San Antonio, for appellant.

Gardner S. Kendrick, San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Lois Joy Krock, filed this suit against her former husband, William R. Clendenin, for partition of United States Air Force Retirement benefits which had not been disposed of by the divorce decree, entered June 11, 1969, dissolving the marriage between plaintiff and defendant. Defendant appeals from a judgment that plaintiff recover of defendant the sum of $7,904.58, representing plaintiff's community interest in the retirement benefits received by defendant from the date of the divorce to the date of judgment in this case, and ordering defendant to pay to plaintiff 45.28% of each retirement payment received by defendant in the future. The judgment recited that defendant would receive 45.28% of each future payment as trustee for plaintiff.

This suit was filed by plaintiff on June 19, 1973, more than four years after the entry of the divorce decree. The divorce decree recited that there was no community property acquired by the parties during their marriage.

Defendant entered the military service of this country on January 6, 1948, while he was a single man. Defendant and plaintiff were married in Guadalupe County, Texas, on December 31, 1948, and remained husband and wife until they were divorced in Bexar County, Texas, on June 11, 1969. Defendant retired at Randolph Air Force Base, Texas, on January 30, 1970. The judgment below is based on the fact that defendant retired after 265 months of service, and that plaintiff and defendant were husband and wife for 240 months during that period.

Defendant first asserts that the judgment is erroneous because the evidence establishes that the parties were residents of Texas for only three years during the time he was in the military forces, and that during the remainder of the time he spent in the service they were not residents of any state which had adopted the community property system.

We find no such evidence in the record. Defendant's contention is supported by a reference to the transcript. The reference

is to an instrument, incorporated in the transcript, embodying defendant's answers to written interrogatories propounded by plaintiff under the provisions of Rule 168, Tex.R.Civ.P. (1975 Supp.). These answers were not introduced in evidence by either of the parties.

Defendant next contends that the judgment in the divorce case is res judicata on the question of property rights, and that plaintiff may not now attack, directly or collaterally, such judgment.

■ It is well settled that where a "divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof." *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970). *Busby* contains a direct holding contrary to defendant's contention that partition of community property not disposed of in a prior divorce proceeding is barred by the doctrine of res judicata. The rule permitting a subsequent suit for partition of unpartitioned community property is applicable even when the divorce decree recites that the parties acquired no community property during the marriage. The recitation in a divorce decree that no community property was acquired during the marriage "is not res judicata so as to prevent" plaintiff from bringing a suit to partition property shown to have been community property. *Harkness v. McQueen*, 207 S.W.2d 676, 679 (Tex.Civ. App.—Galveston 1947, no writ). Since the property here involved was not brought within the jurisdiction of the court in the divorce proceedings, it cannot be said that the divorce decree operates as a bar against the bringing of this action. *Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.— Dallas 1973, no writ).

■ Under such authorities, plaintiff's suit in this case is not a collateral attack on the divorce decree. It is simply a suit brought by one tenant in common or joint owner against another with reference to property not affected by the prior divorce decree. See also *Taylor v. Catalon*, 140 Tex. 38, 166 S.W.2d 102 (1942); *Kirberg v. Worrell*, 44 S.W.2d 940 (Tex.Comm'n App. 1932, holding approved).

■ There can be no doubt that under the holdings in *Busby*, *Mora v. Mora*, 429 S.W.2d 660 (Tex.Civ.App.—San Antonio 1968, writ dism'd), and *Kirkham v. Kirkham*, 335 S.W.2d 393 (Tex.Civ.App.— San Antonio 1960, no writ), the retirement benefits were community property to the extent determined by the trial court.

■ Defendant next complains that the judgment is erroneous in that the trial court failed to take into account money and furniture received by plaintiff in connection with the prior divorce. This contention is without merit. As was clearly pointed out in *Busby*, the actual division made in connection with the divorce proceeding has no effect on a subsequent suit seeking partition of property not disposed of by the divorce decree. 457 S.W.2d at 555. The action taken by the trial court here is identical to the judgment of the Austin Court of Civil Appeals which was affirmed by the Supreme Court in *Busby*.

Defendant points out that, in the divorce suit, plaintiff testified that there was no community property. There is no evidence to this effect, but we may safely assume that the finding by the divorce court that there was no community property was based on some testimony, and the record indicates that only plaintiff testified at the divorce hearing. In any event, this is irrelevant under the holding in *Harkness v. McQueen, supra.*

Defendant calls our attention to the opinion of the Amarillo Court of Civil Appeals in *Ladd v. Ladd*, 402 S.W.2d 940 (1966, writ ref'd n. r. e.), holding that a prior divorce decree partitioning specified community property barred a subsequent suit in which one of the parties to the divorce suit to recover part of the property alleged to be community property. However, in *Ladd*, there was a finding to the effect that the property rights being asserted in the second

suit were the same rights which were put in issue in the divorce case. 402 S.W.2d at 941. In the case before us, the community property rights being asserted by plaintiff were not put in issue in the divorce suit. In any event, *Ladd* was not followed by the Austin Court of Civil Appeals in its decision in *Busby v. Busby*, 439 S.W.2d 687 (1969), which, of course, was affirmed by the Supreme Court.

The trial court did not err in decreeing that defendant, to whom the benefits are to be paid, should receive the payments as a constructive trustee for the benefit of plaintiff to the extent of plaintiff's interest in such payments. *Marshall v. Marshall*, 511 S.W.2d 72 (Tex.Civ.App.—Houston [1st District] 1974, no writ). See also *Ex parte Preston*, 162 Tex. 379, 347 S.W.2d 938 (1961); *Marks v. Marks*, 470 S.W.2d 83 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.); *McBean v. McBean*, 371 S.W.2d 930 (Tex.Civ.App.—Waco 1963, no writ).

The judgment of the trial court is affirmed.

BARROW, Chief Justice (concurring).

I concur in the result. The record here does not establish that the retirement benefits were adjudicated in the original divorce proceeding; therefore, the finding of the trial court that there was no community property is not res judicata of the issue. We would have a different situation if the retirement benefits were before the court, and the court had erroneously concluded that these benefits were not community property.