IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00018-CV

 

IN THE
MATTER OF

THE
MARRIAGE OF

 

Henry
Martin Rutledge

AND

Nancy
RUTLEDGE Miller

 

 

 



From the 43rd District Court

Parker County, Texas

Trial Court No. 45,350

 



concurring Opinion










 

          Please review Appellant’s issues.  As
summarized by the majority, they are as follows:[1]

Rutledge presents three issues for review.  In
his first issue, Rutledge argues the trial court erroneously granted summary
judgment on limitations and waiver based on the August 30, 2004 hearing.  In
his second issue, Rutledge argues the trial court erroneously granted summary
judgment without a hearing on the Amended Motion.  Finally, Rutledge argues the
trial court erroneously granted summary judgment against the great weight and
preponderance of the evidence.

 

          Please take note of the basis upon
which the majority is reversing the trial court.  As stated by the majority,
they “find that Rutledge did not receive the proper notice and the trial court
entered judgment in error.  We sustain Rutledge’s first issue.”  The majority
does not address the remaining issues.

          Please note that Appellant’s complaint
in the first issue about the judgment on limitations does not in any way raise
or rely upon the issue of proper notice.  The majority has wholly failed to
address the propriety of the trial court’s judgment on one of the grounds upon
which it was expressly based – limitations.  Tex.
R. App. P. 47.1.

Limitations Defense

          It is undisputed that Miller asserted
the limitations defense in her Original Answer, First Amended Original Answer,
and her Second Amended Original Answer, all of which were filed long before her
Motion for Summary Judgment.  Likewise, it is undisputed that her Motion for
Summary Judgment was based upon her limitations defense.  One thing that is a
bit unusual about the trial court’s judgment in this case is that it
specifically states the grounds upon which it is based.  One of the grounds
specifically mentioned is limitations.  There is no complaint by Rutledge that
he did not receive proper notice as to this ground.

          At the original hearing on the
divorce, Rutledge appeared and testified there was no community property other
than personalty.  The summary judgment evidence included the divorce decree
reciting this as a finding of the trial court.  (“The Court finds that no
community property other than personal effects has been accumulated by the
parties.”)  The summary judgment evidence included the deed which was from
Shane Rutledge (a son) to Nancy Rutledge (now Miller) dated April 11, 1997.

          Rutledge now wants to attack the
finding in the prior judgment and/or the deed.  Rutledge did not bring this
suit until September 30, 2003, over six years after the deed and over five
years after the Agreed Final Decree of Divorce was rendered on September 8,
1998.

          The majority errs in failing to review
the propriety of the judgment on the basis of the affirmative defense of
limitations.

          Nevertheless, the majority stumbles
upon the proper judgment.  Clendenin v. Krock, 527 S.W.2d 471 (Tex. Civ. App.—San Antonio 1975, no writ); Thompson v. Thompson, 500 S.W.2d 203
(Tex. Civ. App.—Dallas 1973, no writ); Harkness v. McQueen, 207 S.W.2d
676 (Tex. Civ. App.—Galveston 1947, no writ).  See Tex. Fam. Code Ann. § 9.201 et seq.
(Vernon 1998).

          I concur only in the judgment.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion delivered and filed February 1, 2006









[1]
The full text of Rutledge’s issues are:

 

The trial court erroneously granted summary
judgment citing the affirmative defenses of limitations and waiver from the
only hearing on the Motion on August 30, 2004.

 

The trial court erroneously granted summary
judgment after an amendment to the first motion for summary judgment without a
hearing on the amended motion.

 

The trial court erroneously granted summary
judgment to the Appellee when the great weight and preponderance of the
evidence opposed that finding.








W.2d 572, (Tex. Crim. App. 1989), cert. denied, 497 U.S. 1010 (1990).
      Complainant Nellie Sanchez testified that Appellant threw her to the ground, punched her in
the face, and sexually assaulted her. Complainant identified Appellant in court as the man who
beat and sexually assaulted her. This is sufficient to prove it was Appellant who committed the
assault. Ford v. State, 509 S.W.2d 317, 318 (Tex. Crim. App. 1974). Moreover, Appellant was
connected to the offense by the testimony of Officers Littlefield and Bratt that Appellant was found
and arrested several yards from the scene with blood, dirt, and grass stains on his clothing.
      The trial court chose to accept the testimony of the complainant as true, resolving all conflicts
in the evidence against appellant. Viewing the evidence in the light most favorable to the verdict,
a rational trier of fact could have found beyond a reasonable doubt that Appellant was the person
who committed the offense.
      Appellant's point one in the aggravated sexual assault case is overruled.
      Appellant's point of error one in the robbery case is: "The evidence is insufficient to establish
the offense of robbery." Specifically, Appellant contends the evidence is insufficient to prove he
was the alleged robber.
      The test for reviewing the sufficiency of the evidence is set out under our discussion of
Appellant's point one in the aggravated sexual assault case, supra.
      Complainant David Powell identified Appellant in court as the man who broke into his
apartment, came into his bedroom, fought, choked, stabbed, threatened, and stole from him. 
Additionally, Officer Wren conducted an out-of-court photo lineup from which complainant
identified Appellant as the robber. Further, Appellant's fingerprints were found on the metal
frame of the screen from the window of complainant's apartment and on a bottle of cologne in
complainant's bedroom.
      The trial court, as the factfinder, was the sole judge of the credibility of the witnesses and the
weight to be given their testimony. The court chose to accept the testimony of the complainant
and the officer as true, thus resolving any conflict in the testimony against Appellant.
      Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could
have found beyond a reasonable doubt that Appellant was the person who committed the robbery.
      Appellant's point of error one in the robbery case is overruled.
      Appellant's point of error one in the burglary of a habitation case is: "The evidence is
insufficient to establish the offense of burglary." Specifically, Appellant contends the evidence
is insufficient to prove that he entered complainant's apartment with the specific intent to commit
theft."
      We refer to our discussion of the test for reviewing a sufficiency of the evidence challenge,
supra.
      Complainant Leonardo Gomez testified he left his apartment at 6:00 a.m. on September 26,
1994, to go to work. Complainant's neighbors, Sherman and Jenkins, testified that at 7:15 a.m.
on the same day, they heard glass break in complainant's apartment, looked up, and saw Appellant
lying on the sun deck of the apartment. Jenkins called to Appellant, asking him what he was doing
there, and Appellant replied he was waiting for his uncle to come home. Jenkins testified he knew
the statement was untrue and that he called 911. Sherman saw appellant climb around the ledge
of the sun deck and window of complainant's apartment and later saw Appellant walk in and out
of the door to the complainant's sun deck.
      Officers Curtis and Kidd responded to the burglary called in on 911. They went to the
apartment and knocked on the door. Appellant answered the door wearing a towel wrapped
around his waist. When the officers asked him what he was doing in the apartment, Appellant told
them he had lived in the apartment with his uncle, but did not have a key so he had broken a
window to get in. Complainant did not know Appellant; when contacted at work, complainant
came home and found a broken window and found that his jambox had been moved over next to
the broken window.
      A defendant's intent to commit theft, when entering a habitation, can be inferred from both
his conduct and the surrounding circumstances. Ortega v. State, 626 S.W.2d 746, 749 (Tex.
Crim. App. 1981).
      In this case, the trial judge, as the factfinder, chose to accept the testimony of the
complainant, his neighbors, and the police officers as true, resolving all conflicts in testimony
against Appellant. That decision may not be disturbed on appeal. Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988). 
      Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could
have found beyond a reasonable doubt that Appellant intended to commit theft when he broke into
complainant's apartment.
      Appellant's point of error one in the burglary case is overruled.
      Appellant's point of error two, in all three of his appeals, asserts: "The trial court erred by
denying Appellant's motion for a continuance." Specifically, Appellant contends the trial court
abused its discretion in denying his motion for continuance.
      On the first day of trial, Appellant testified that his aunt, Teresa Sandoval, and his brother
could corroborate his testimony that he was out of town when the burglary and robbery took place. 
He knew his brother's address and phone number, and the phone number of his aunt. At the end
of the first day of trial, the court authorized $500 for a private investigator to locate Appellant's
aunt and brother. The next morning the investigator reported that he was unable to locate the aunt
and brother. Following this testimony, the State presented evidence in the sexual assault case. 
At that time Appellant made an oral motion for a continuance "to see if we could find the
defendant's aunt and brother and to do further scientific testing to determine whether the defendant
would be a positive match for the rape kit." The motion was denied.
      Articles 23.03, 29.06 and 29.08, Texas Code of Criminal Procedure, require that a motion
for continuance be in writing, sworn to, and if to locate a missing witness, give the residence of
the witness and the diligence which has been used to procure his attendance. 
      To preserve a review of the denial of a continuance, a defendant must execute a motion in
compliance with the above requirements, which Appellant did not do. Montoya v. State, 810
S.W.2d 160, 176 (Tex. Crim. App. 1980), cert. denied, 502 U.S. 961.
      Further, to preserve error from the denial of a motion for continuance, based on absent
evidence or witnesses, required the filing of a sworn motion for a new trial accompanied by
affidavits or other evidence showing the materiality of the missing evidence or witness. Leach v.
State, 548 S.W.2d 383, 384, 385 (Tex. Crim. App. 1977). Appellant executed no such motion.
      The determination to grant or deny a motion for continuance lies within the sound discretion
of the trial court and may not be disturbed on appeal absent a showing of abuse of discretion. 
Taylor v. State, 612 S.W.2d 566, 570 (Tex. Crim. App. 1981).
      As stated, Appellant made only an oral unsworn motion for continuance and did not file a
motion for a new trial. The trial court's denial of Appellant's motion was not an abuse of
discretion.
      Appellant's point of error two is overruled in all three cases.
      The judgments, in all three cases, are affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 6, 1996
Do not publish