Agatha Lyons **FOSTER**, Appellant,

v.

Johney Buel **FOSTER**, Appellee.

No. 7227.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 18, 1963.

Rehearing Denied March 25, 1963.

Alton M. Reeder, Amarillo, for appellant.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for appellee.

NORTHCUTT, Justice.

Agatha Lyons Foster and Johney Buel Foster were husband and wife. Agatha Foster filed suit against Johney Foster for divorce and secured an order from the trial court requiring Mr. Foster to file an inventory of their community property. Sometime in June 1960 Mr. Foster filed an inventory and appraisement of the community estate. After the inventory had been filed for approximately thirty days, Mr. and Mrs. Foster on July 27, 1960, made and entered into a written property settlement agree-

ment stating that in the opinion of the parties it was fair, reasonable, just, and satisfactory. Foster did not appear at the divorce hearing and Mrs. Foster secured a divorce. In the judgment granting Mrs. Foster a divorce on July 28, 1960, the court held the property settlement agreement was fair and equitable and affirmed such agreement.

Omitting the formal parts, the property settlement agreement reads as follows:

"WHEREAS, differences have arisen between the parties hereto and they have separated and are now living apart. As it appears to be impossible for the parties ever to become reconciled, and ever to hereafter live together as husband and wife, and as both parties desire to fix their existing rights as to the property of the parties, as set forth in this agreement, which in the opinion of the parties is fair, just, reasonable and satisfactory, it is here now agreed as follows:

"I.

"Defendant agrees that Plaintiff shall have, subject to the orders of this Court, a divorce.

"II.

"Plaintiff shall execute to Defendant all required special warranty deeds and bills of sale covering all separate or community real or personal property owned by the Defendant or by Plaintiff and Defendant jointly wheresoever located.

"III.

"Plaintiff shall pay to Defendant the sum of FIVE THOUSAND THREE HUNDRED FIFTY AND NO/100 ($5,350.00) DOLLARS, payable $3,-350.00 in cash and the execution of a note in the sum of $2,000.00 bearing interest at the rate of six (6%) per cent per annum dated July 27, 1960, and the delivery to the said Plaintiff of the 1954 Lincoln automobile; and out of

this sum the Plaintiff shall pay her own attorney's fees.

"IV.

"Defendant agrees to assume any and all community indebtedness due to date.

"V.

"Upon granting of the divorce, the parties shall execute the necessary deeds, acquittances, bills of sale and title papers to effectuate this settlement agreement; and the parties do further agree that should there be any other papers, acquittances or releases necessary for this settlement, same will be executed forthwith.

"EXECUTED this *27th* day of July, A.D. 1960."

This agreement says Plaintiff is to pay the Defendant $5,350, but we consider this as an error as Mr. Foster was the Defendant in the divorce suit and paid Mrs. Foster.

When the divorce was granted, Mr. Foster paid Mrs. Foster $3,350 and executed and delivered the $2,000 note to her. After the divorce was granted, Mrs. Foster refused to execute the instruments she had agreed, the day before the divorce was granted, to execute in the property settlement agreement contending there was community property not reported by Mr. Foster in the inventory that she did not know of when she made the settlement agreement. Yet, she testified she knew about some property not listed in the inventory before she secured the divorce. Mr. Foster brought this suit to require Mrs. Foster to execute the instruments as required in their agreement. Mrs. Foster, keeping the $3,350, answered seeking to recover one-half of the community property not listed in the inventory and by cross action sought judgment against Mr. Foster upon the $2,000 note including principle, interest and attorney's fees. Judgment was entered requiring Mrs. Foster to execute the instruments provided for in the property settlement

agreement and requiring Mr. Foster to pay the $2,000 as represented by the note. From this judgment Mrs. Foster perfected this appeal. Hereafter Mrs. Foster will be referred to as appellant and Mr. Foster as appellee.

The case was submitted to a jury upon special issues. The appellant contended there were several items of community property that were not listed in the inventory. The jury found that appellant relied upon the inventory; that she was reasonable in relying upon the inventory; that she exercised reasonable diligence to ascertain the correctness of the inventory; that appellee did not purchase the Cadillac, Ford, and boat with a separate fund and found all other property was his separate property except $1,926 which was community property. The jury also found that appellant at the time appellant filed suit on a $2,000 note, and thereafter, she recognized the property settlement agreement was subsisting and binding.

Appellant testified she knew before the divorce was granted about some of the things not being listed in the inventory that she is now claiming were community property. It is to be noticed no action was ever taken in the Court of Domestic Relations where the divorce was granted approving the settlement agreement to set aside the judgment approving the settlement.

The appellant testified as follows:

"Q. (By Mr. Dunlap) You are the Agatha Lyons Foster who testified earlier in this case, are you not?

"A. Yes, sir.

"Q. You heard all of the testimony here that was brought out by Johney Foster on the witness stand, did you not?

"A. Yes, sir.

"Q. At this time, are you still asking that he deliver to you the title of the Lincoln automobile?

"A. Yes.

"Q. Are you still asking that he go ahead and carry out his agreement and pay you the $2,000 in the property settlement agreement?

"A. Yes, sir.

"Q. And you are still wanting to keep the cash that you received in connection with the property settlement agreement?

"A. Yes."

■ Since appellant knew before she proceeded to have the divorce granted affirming the settlement agreement that there was other property she contends there was community property not listed in the inventory she should not be heard to complain that she was misled by the appellee. If appellant was induced by fraud to enter into the settlement agreement and yet continues to receive benefits under the contract after she learned of the fraud and since she tries to enforce the contract in part and recognized the contract as subsisting and binding, we think she has thereby affirmed the settlement agreement. Rosenbaum v. Texas Bldg. & Mortg. Co., 140 Tex. 325, 167 S.W.2d 506 (Sup. Ct.).

■ Appellant was the party in the divorce suit asking the trial court to grant a divorce and asking that the agreement be approved when she knew there were some items of community property not listed in the inventory. Consequently, she cannot accept a part of the partition and thereafter attempt to reject the balance by bringing suit to recover a portion of that awarding to the appellee. Jetton v. Jetton, Tex.Civ. App., 257 S.W.2d 146 (NRE).

Judgment of the trial court is affirmed.