James O'Dell SMITH, Appellant,

v.

Margaret Lois SMITH, Appellee.

No. 18195.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 28, 1980.

Douthitt, Mitchell & Paul, and William G. Paul, Henrietta, for appellant.

Schenk & Wesbrooks, and Perry Wesbrooks and Ron L. Yandell, Wichita Falls, for appellee.

OPINION

HUGHES, Justice.

James O'Dell Smith appeals a judgment awarding his former wife, Margaret Lois Smith, $8,556.10 as damages for his alleged breach of their property settlement agreement. The trial court also awarded her attorney's fees and an additional $400.00 as her half of the cash surrender value of a life insurance policy they had owned as husband and wife.

We approve the trial court's award of attorney's fees and $8,556.10 as damages for Mrs. Smith's breach of contract action, but disapprove the award of $400.00, the portion of the judgment which awarded Mrs. Smith such amount as her part of the cash surrender value of the life insurance policy. Our order, therefore, reforms the trial court's judgment by deletion of the award of the $400.00. As so reformed the judgment is affirmed.

Smith filed a Plea in Bar which the trial court overruled. He contended both in the trial court and now on appeal that Mrs. Smith's breach of contract action was a collateral attack on the original divorce decree in that it sought to modify the property division as embodied in the divorce judgment.

The agreement, which both parties admit is correctly set forth in the divorce judgment, provided that in return for Smith's promise to assume and timely pay the community debts, Mrs. Smith would relinquish for four years her 45% share of his Air Force retirement benefits. It further provided that Smith agreed to hold Mrs. Smith harmless from all liability on the debts and indemnify her for any losses resulting from his failure to timely pay the debts.

A year after the divorce judgment was entered, Smith filed a voluntary petition in bankruptcy which ultimately resulted in his being released from liability to the creditors on the debts referred to in the divorce decree. Mrs. Smith was not a party to the bankruptcy proceeding nor was she named as a creditor. Smith testified that $8,556.10 was the sum of the community debts that were still unpaid as of the date of this trial.

Some of the creditors dunned Mrs. Smith for payment. She testified that she was harassed by several of them at her place of work. One creditor repossessed furniture which had been awarded her in the divorce decree. Smith did not reimburse her for the furniture. He further admitted that she is still liable for all of the debts.

■ We do not view the instant case as a collateral or direct attack on the original divorce judgment. We have carefully read the cases cited to us by Smith in support of his arguments and find they have no application to this case. Both parties agree that the divorce judgment reflects their property settlement agreement. "Amicable settlement by the parties of their property rights should be encouraged, not discouraged. The agreement will then have whatever legal force the law of contracts will give to it. See *Ex parte Jones,* 163 Tex. 513, 358 S.W.2d 370 (Tex.1962)." *Francis v. Francis,* 412 S.W.2d 29 (Tex.1967). There seems no question that these parties had a contract. There is no question that Mrs. Smith lost some furniture by repossession and that she was harassed by other creditors to pay the community debts Smith had agreed to pay. The parties' contract as embodied in the divorce judgment, and its breach, is the basis of this suit (except as to the insurance policy discussed below). *Ex parte Jones, supra.* We hold that Mrs. Smith did not seek to modify the terms of the divorce judgment but rather sought to enforce her contractual rights as set forth therein. See *Dicker v. Dicker,* 434 S.W.2d 707 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.).

■ Smith also contends that he did not breach his agreement to hold Mrs. Smith harmless and to indemnify her for any and all losses due to his failure to pay the debts. He cites Mrs. Smith's failure to demand redress for losses when she heard of the bankruptcy proceedings. Also, he argues that she has not paid anything on the debts and that, despite her claims of damaged credit reputation, she admitted credit was available to her and that she did obtain some loans. He points out that she did not testify to the value of the repossessed furniture or to actual damages to herself. In short, Smith argues that there is no evidence of loss to Mrs. Smith that would make a cause of action for breach of contract. We disagree.

Mrs. Smith advanced a very real consideration when she gave up 4 years of her 45% share of Smith's Air Force retirement pay. He simply did not live up to his part of the bargain. He promised to assume and pay the community debts. Instead, he took bankruptcy and left her subject to the harassment and foreclosure of creditors. She testified that she had been refused credit because of her husband's actions. We hold that trial court had sufficient evidence on which to base the finding that Smith breached his agreement to indemnify and hold Mrs. Smith harmless.

The only way the Smith creditors can legally be made whole is through Mrs. Smith. The only remedy to make Mrs. Smith whole under her contract is a money judgment in a sufficient amount to buy her peace from the creditors. Trial court had enough evidence of such amount before him to justify a conclusion that he correctly assessed it. We reiterate: This is not just a contract for indemnification but also an

outright promise by Smith "to assume and timely pay the present balance now due and owing on all community indebtedness incurred to date . . . ." This is the measure trial court properly used. Points of error one, two, three and six are overruled.

Smith contends in points of error four and five that trial court erred in awarding one-half of the cash surrender value of a life insurance policy to Mrs. Smith since it was awarded to him in the divorce decree.

 The divorce decree found that "the parties have heretofore equitably divided *all* their community property . . ." except for "Respondent's Air Force Retirement Pay Benefits." (Emphasis ours).

The divorce judgment then proceeded to order "that each party hereto take as his or her sole and separate property and estate all such property *in his or her possession* or *under his or her dominion and control* . . . ." (Emphasis ours).

We agree with Smith and sustain points of error four and five. Mrs. Smith, like Mrs. Foster in the case of *Foster v. Foster,* 366 S.W.2d 680 (Tex.Civ.App.—Amarillo 1963, writ dism'd) testified that she knew of community property not listed specifically (the life insurance policy in Mrs. Smith's case) before the divorce. In *Foster, supra,* it was held that she could not later reject the agreement and try to recover the property. It was held in another case similar to this one that a collateral attack on divorce decree settlement would only be permissible if the judgment were void from the face of the record (which is not claimed by Mrs. Smith), *Atkinson v. Atkinson,* 560 S.W.2d 200 (Tex.Civ.App.—Amarillo 1977, no writ).

Mrs. Smith testified that the policy was in Smith's possession at divorce time and that she "imagined" he was shown on the face of the policy as being the owner. Considering the obvious meaning of "each party hereto take as his or her sole and separate property and estate all such property in his or her *possession* or under his or her *dominion and control* . . .", we hold trial court erred in awarding half of the policy's

cash surrender value to Mrs. Smith. (Emphasis ours).

We affirm the judgment of the trial court except as to its division of the insurance policy surrender proceeds. As to those, we reform the judgment by deleting that amount from it. As reformed, affirmed.