Noe Arreola CRUZ and Abilio Cabrera, Appellants,

v.

FURNITURE TECHNICIANS OF HOUSTON, INC. and Exxon Corp. d/b/a Exxon Co., USA, Appellees.

No. 04–95–00203–CV.

Court of Appeals of Texas, San Antonio.

May 28, 1997.

Rehearing Overruled July 29, 1997.

J.K. Ivey, James W. Shoecraft, P.C., Dallas, Patrice M. Barron, Houston, for Appellants.

William A. Snapp, Rene Gonzalez, Exxon Corporation, Caldwell Fletcher, Houston, for Appellees.

Before HARDBERGER, C.J., and

RICKHOFF, and PRESTON H. DIAL, Jr.,[1] JJ.

## OPINION

PRESTON H. DIAL, Jr., Justice (Assigned).

This is an appeal from a judgment notwithstanding the verdict in a personal injury case. Appellants, Noe Cruz and Abilio Cabrera, sued their employer, Furniture Technicians of Houston, Inc. (FTH), and the owner of the premises where the incident occurred, Exxon Corporation. The injuries resulted from a fire caused when a flammable substance used to strip veneer off a wall ignited near an uncovered electrical outlet.

The jury found FTH solely responsible for the injuries and awarded $42,050 to Cruz and $12,380 to Cabrera. The appellants moved for a judgment on the verdict. FTH moved for a judgment non obstante veredicto based on the lack of expert testimony establishing the standard of care. The trial court entered a take nothing judgment as to FTH and Exxon.

■ The appellants bring six points of error. Included in point of error five is the allegation that the jury's finding that no negligence of Exxon proximately caused the injuries was against the great weight and preponderance of the evidence.

The appellants moved the court to enter judgment pursuant to the jury's answers. They did not ask the court for a judgment awarding any damages from Exxon. The proposed judgment attached to the appellants' motion included a paragraph providing that the plaintiffs take nothing on their claims against Exxon. The motion contained no reservation of a right to complain on factual insufficiency grounds. *Cf. First National Bank of Beeville v. Fojtik,* 775 S.W.2d 632, 633 (Tex.1989).

So far as Exxon is concerned, the judgment entered conformed in all respects with the motion for judgment filed by the appellants. The appellants are not permitted in this appeal to take a position inconsistent with their motion for judgment with respect to Exxon. *Litton Indus. Prods., Inc. v. Gammage,* 668 S.W.2d 319, 321–322 (Tex. 1984). The judgment that the appellants take nothing on their claims against Exxon should be affirmed.

■ In points of error one, two, and three the appellants complain of the trial court excluding the testimony of their fire expert, Morris Covin. The trial judge gave two reasons for excluding the expert: (1) appellants' failure to supplement interrogatory answers and identify the expert as soon as practical in accordance with Texas Rule of Civil Procedure 166b(6)(b) and (2) appellants' failure to designate the expert in accordance with an agreed docket control order.

The agreed docket control order that had been filed on September 13, 1993 set the cutoff date for designating plaintiffs' experts at January 14, 1994, except for good cause shown. Plaintiffs designated Covin on February 11, thirty-three days before the trial date of March 16, 1994.

In their motion for relief from the docket control order, the plaintiffs had alleged that Covin's written report had been provided to all the parties at a mediation on June 18, 1993. They also contended that the formal designation of Covin was timely under Texas Rule of Civil Procedure 166b(6)(b), which requires supplementation at least thirty days prior to trial.

■ The standard of review when a trial court has excluded an expert who has not been properly designated is abuse of discretion. *Mentis v. Barnard,* 870 S.W.2d 14, 16 (Tex.1994). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles and whether the act was, therefore, arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–242 (Tex. 1985). Rule 166b(6)(b) states:

If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response

---

**1.** Assigned to this case by the Chief Justice of the Supreme Court of Texas.

must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court.

TEX.R. CIV. P. 166b(6)(b).

■ The formal designation of a witness more than thirty days before trial does not excuse the failure to designate as soon as is practical. *First Title Co. of Waco v. Garrett*, 802 S.W.2d 254, 263 (Tex.App.—Waco 1990) (op. on reh'g), *rev'd on other grounds*, 860 S.W.2d 74 (Tex.1993). The rule requires an attorney to communicate the designation as soon as practical once it is decided that the witness is expected to be called at trial. *Mentis*, 870 S.W.2d at 15.

The report of the expert Covin was provided to the parties during the confidential proceedings of a mediation. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 154.073. It was a one-page letter containing Covin's opinion of the cause of the fire, his name, address, and phone number. It did not include the critical information that the witness was expected to be called at the trial. Neither was it given in response to the appropriate inquiry contemplated by rule 166b(6)(b). Appellants attempted to excuse their failure to formally designate Covin sooner based on their belief that the cause would settle following mediation. This is not a viable excuse. *Rainbo Baking Co. v. Stafford*, 787 S.W.2d 41, 41–42 (Tex.1990).

The trial judge acted within her discretion in relying upon the factual representations of appellants' counsel and the plain words of rule 166b(6)(b) to exclude the witness. Point of error one is denied.

■ Under point of error four, the appellants contend the trial court erred in granting the motion for judgment notwithstanding the verdict. They contend that expert testimony on the standard of care was not required, and the verdict was supported by evidence from lay witnesses on negligence and causation.

■ To sustain the granting of a judgment notwithstanding the verdict, it must be determined that there is no evidence to support the jury findings. The appellate court reviews the record in the light most favorable to the jury findings and considers only the evidence and inferences that support them. *Williams v. Bennett*, 610 S.W.2d 144, 145 (Tex.1980).

The factual basis to the jury's answers on proximate cause was whether the use of flammable liquid and removing the covers from the electrical outlets could have caused the fire. Appellants direct us to three places in the record where they contend the requisite probative evidence is found.

First, appellant Cruz was asked if there was any other way to do the job, and he replied, "Well, I imagine that by covering up the contacts or cutting off the current so as not to cause an accident." Next, Douglas Howard, supervisor of the job for FTH, who had previously testified he was not an electrician, said, "In hindsight, yes, it would have been safer with the electricity off."

Finally, Exxon's building superintendent, Steve Coulter, in response to a question as to whether killing the electricity in the immediate work area would have prevented the fire, stated, "It's our conclusion that it was the electrical outlet that was the ignition source and, so, I don't think there would have been a fire, but just it's mere presence did not start the fire. So, the fact that it was there and live by itself was not the start of the fire. It had to be tampered with first."

None of these individuals were qualified as experts on the subject in question or gave the basis of their opinions. We conclude that this is a technical area in which only the opinions of qualified experts have value as probative evidence. The trial judge could have concluded that there was no evidence to support the jury's answer on proximate cause and that a directed verdict or judgment n.o.v. would have been proper. *See* TEX.R. CIV. P. 301.

Point of error number four is denied. In view of our disposition of this case, points of

error two, three and six need not be addressed. *See* TEX.R.APP. P. 90(a).

The judgment is affirmed.