Hilda Riney STANLEY, Ron Adkison, Individually, and/or d/b/a Wellborn, Houston, Adkison, Mann, Sadler & Hill, L.L.P., and Texas Lottery Commission, Appellants,

v.

Gifford Thomas RINEY, Appellee.

No. 12–97–00056–CV.

Court of Appeals of Texas, Tyler.

April 28, 1998.

Rehearing Overruled April 28, 1998.

R.L. Whitehead, Jr., Longview, Charles H. Clark, Tyler, T. John Ward, Longview, for appellant.

Woodrow M. Roark, Deborah J. Race, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

The original opinion heretofore entered on January 29, 1998, is set aside and the same is hereby withdrawn and the following original opinion is entered in lieu thereof, to wit:

Appellee, Gifford Thomas Riney ("Riney"), filed a suit in Smith County asking the court to divide community property assets which were not divided by a Rusk County annulment decree. The Smith County District Court rendered a summary declaratory judgment in favor of Riney declaring that a lottery ticket and the proceeds therefrom were not divided by the Rusk County decree annulling the marriage between Riley and Hilda Riney Stanley ("Stanley"). Stanley complains that Riney's suit was an impermissible collateral attack on the annulment decree, that the court had no jurisdiction to render judgment, that the court should have abated the suit since there was a pending action in another county, that the suit was barred by *res judicata,* and that venue was only proper in Rusk County. We will affirm.

Stanley and Riney had been married for several months when Stanley purchased a winning lottery ticket worth approximately $4.3 million. She did not tell Riney that she had won the lottery. Instead, she filed a petition for annulment of their marriage in Rusk County. The petition averred that "[n]o community property was accumulated by the parties during the marriage other than personal *effects,* which should be awarded to the person having possession." Three months later, Stanley's cousin went to Riney with a waiver of appearance and a proposed decree of annulment, both of which Riney signed. During the final annulment hearing, at which Riney was not present, the court heard Stanley's sworn testimony that personal *property* was the only community property accumulated during the marriage. The trial

judge signed the decree of annulment that same day. The decree stated the following concerning property:

> The court further finds ... that no community property was accumulated by the parties during the existence of the marriage other than personal *effects*. (emphasis ours)

* * *

IT IS THEREFORE ORDERED AND DECREED that each party take as his or her sole and separate property all such property as is presently in his or her possession.

Thirty-four days later, Stanley traveled to Austin, claimed her first jackpot installment and eventually bought a house in Smith County with some of the proceeds. Thereafter, Riney learned that Stanley had won the lottery, and filed a bill of review in Rusk County where the annulment had been granted. Stanley filed a counterclaim against Riney in the Rusk County proceeding. However, Riney non-suited the bill of review and filed an original suit in Smith County seeking division of property not divided by the Rusk County decree of annulment.[1] Stanley moved to abate the Smith County suit, but the trial court denied it because Riney had nonsuited the bill of review and the Rusk County Court at Law had dismissed Stanley's counterclaim. Stanley also filed pleas to the Smith County court's jurisdiction as well as motions to transfer venue to Rusk County, all of which the Smith County court also denied. The trial court granted a partial summary declaratory judgment declaring that the lottery ticket and the winnings derived therefrom had not been divided by the Rusk County Court at Law in the decree of annulment. Stanley moved for severance to make the judgment final, which the court granted. This appeal followed.

In her first and third points of error, Stanley complains that the trial court erred in rendering the summary declaratory judgment because Riney's action constituted an impermissible collateral attack on the decree of annulment rendered by the Rusk County Court at Law. She also asserts that the suit was brought in the wrong court. We disagree.

■ Section 3.90 of the Texas Family Code specifically provides that a former spouse may file an original lawsuit seeking division of property not divided in a final decree of divorce or annulment.[2] Stanley contends, however, that we must classify Riney's suit as an impermissible collateral attack because the lottery ticket and proceeds were, in fact, divided by the annulment decree; therefore, Stanley argues that Riney had no valid cause of action under § 3.90. In a similar case, the San Antonio Court of Appeals found that a trial court had divided only personal effects when it ordered the following:

> The Court finds that no community property was accumulated during the marriage other than personal effects, which should be awarded to the person having possession. It is therefore ORDERED, ADJUDGED and DECREED by the Court that each party hereto take as his or her sole and separate property all such property as is presently in his or her possession.[3]

In the original annulment suit, Stanley's pleadings and the judgment of the court concerning property referred only to personal effects. Stanley urges us to ignore this circumstance and to base our decision solely upon her testimony at trial in regard to the property she and her ex-husband accumulated during their marriage. A litigant cannot complain about an action of the trial court that was done at the invitation of the complaining party, however.[4] Consequently, the

---

1. Riney also sued Stanley's attorneys, alleging fraud and conspiracy, among other causes of action.

2. Tex.Fam.Code Ann. § 3.90(a) (Vernon Supp. 1996) (recodified 1997) (current version at Tex. Fam.Code Ann. § 9.201 (Vernon Supp.1997)).

3. *Terrell v. Terrell*, 609 S.W.2d 841, 843 (Tex.Civ. App.—San Antonio 1980, writ ref'd n.r.e.).

4. *Litton Industrial Products, Inc. v. Gammage*, 668 S.W.2d 319, 321–22 (Tex.1984); *Cruz v. Furniture Technicians of Houston, Inc.*, 949 S.W.2d 34, 35 (Tex.App.—San Antonio 1997, no writ).

party who tenders the judgment to the trial court for signature, as Stanley did in the original annulment proceeding, cannot later protest that the trial court signed the judgment.[5] Stanley had the opportunity to request that the annulment court modify the judgment to reflect the division of personal *property* rather than personal *effects*, but failed to do so. She cannot now urge this court to ignore her own pleadings and the plain meaning of the annulment decree. Thus, we conclude, just as the San Antonio court did in *Terrell v. Terrell*, that when the Rusk County Court at Law ordered "that each party take as his or her sole and separate property all such property as is presently in his or her possession," the court was contemplating, awarding and dividing only that property which was before it, the personal effects of the parties. Consequently, if the lottery ticket and the proceeds were not "personal effects," the decree did not divide them.[6]

Personal effects commonly refer to items of personal property used or usable primarily by the person to whom they are related, such as clothes, toilet articles, glasses, and dentures, and not to significant items of intangible personal property.[7] We hold that the lottery ticket and proceeds cannot be characterized as personal effects. They were not divided by the court, and therefore Riney properly brought suit in the Smith County court pursuant to § 3.90.

Stanley further asserts that Riney's failure to bring suit in the court which rendered the original decree proves that the suit was a collateral attack. She offers no authority for such a position, however. In reviewing the relevant statutes, the Family Code does not require that the suit be filed in the same court. In fact, it provides that this type of suit "is governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit."[8] Moreover, § 3.70[9], which refers to § 3.90, specifically requires that a procedure to enforce a decree of divorce or annulment must be filed in the court that rendered that decree. If the legislature had intended to limit the jurisdiction of a § 3.90 case to the court which rendered the divorce or annulment decree, it could have so stated. Furthermore, § 3.91[10], which provides that the undivided property shall be divided in a manner that the court deems just and right, is entitled "Division of Undivided Assets: *Prior Court* had Jurisdiction to Divide Property but Failed to do so" (emphasis added), which indicates that the decree could have been rendered by a *different* court than the one in which the § 3.90 suit was filed.

We conclude that Riney's suit to divide undivided assets was not a collateral attack on the Rusk County annulment decree, but a statutorily authorized procedure to accomplish an act which had not yet been done. We also hold that the Family Code does not require that a suit to divide undivided assets be brought in the court which rendered the annulment decree. Furthermore, the suit was properly brought in Smith County since Riney was also attempting to recover an interest in real property, the house which Stanley purchased with the lottery proceeds. Any suit filed to recover an

5. *United States Fire Ins. Co. v. Pettyjohn,* 816 S.W.2d 839, 843 (Tex.App.—Fort Worth 1991, no writ).

6. *See Dearman v. Dutschmann,* 739 S.W.2d 454, 455 (Tex.App.—Corpus Christi 1987, writ denied) (The divorce decree stated the following: "The Court finds that no community property other than personal effects has been accumulated by the parties. IT IS DECREED that the property of the parties be and is hereby awarded to the party having possession of such property." The court held that an insurance policy was not a personal effect, and that it consequently had not been divided by the trial court.)

7. *Teaff v. Ritchey,* 622 S.W.2d 589, 592 (Tex.Civ. App.—Amarillo 1981, no writ).

8. *Id. See also Harkness v. McQueen,* 207 S.W.2d 676 (Tex.Civ.App.—Galveston 1947, no writ) (A divorce was obtained in Harris County, but a suit to divide property not previously divided was filed in a different district court in the same county. The suit was properly transferred to Montgomery County, where the real property was located).

9. Tex.Fam.Code Ann. § 3.70 (Vernon Supp.1996) (recodified 1997) (current version at Tex.Fam.Code Ann. § 9.002 (Vernon Supp.1997)).

10. Tex.Fam.Code Ann. § 3.91 (Vernon Supp.1996) (recodified 1997) (current version at Tex.Fam.Code Ann. § 9.203 (Vernon Supp.1997)).

interest in real property must be filed in the county where the real property is located.[11] And since we hold that § 3.90 does not contain a mandatory venue provision, § 15.011 of the Civil Practice and Remedies Code prevails. We overrule points of error one and three.

Stanley next argues in point of error two that Riney's action was barred by the doctrine of *res judicata*. She contends that his alleged causes of action for fraud, breach of duty and conspiracy should have been litigated at the time of the annulment and could not be litigated in a collateral proceeding. This complaint is not before us, however, since the declaratory summary judgment dealt only with undivided assets and was severed from the other causes of action. Stanley further maintains that *res judicata* applies to this case because the annulment decree issued by the Rusk County Court at Law was final and has not been set aside. Consequently, a subsequent suit, arising out of the same subject matter as the previous suit, and which through the exercise of diligence could have been litigated in the previous suit, was barred by *res judicata*. As we have stated in our discussion of collateral attack, Riney filed an original and independent lawsuit to divide undivided marital assets which is authorized by the Family Code. It was not necessary, procedurally, to set aside the original judgment to do so. The only property divided in the Rusk County court was personal effects. The division of the lottery ticket was never put in issue before nor determined by that court.[12] The doctrine of *res judicata* does not apply to the facts of this case. We overrule point of error two.

In point of error four, Stanley alleges that the trial court erred in denying her plea to abate the Smith County suit arguing that there was a prior suit pending in Rusk County, Texas. Stanley correctly maintains that when an action involving the same parties and subject matter are filed in two counties, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts.[13] In reviewing the record, however, it is evident that Riney had non-suited his bill of review before Stanley filed her plea in abatement. And in spite of Stanley's argument that she still had a counterclaim on file, the record indicates otherwise. The Rusk County Court at Law dismissed the entire proceeding, including Stanley's counterclaim, before the Smith County District Court ruled on the plea in abatement. The court below properly denied Stanley's plea in abatement since there was no pending action in Rusk County. We overrule point of error four.

In Stanley's fifth point of error, she complains that the trial court erred in denying her motion to transfer venue on the grounds that this was an action to enjoin the enforcement of a judgment rendered by the Rusk County Court at Law. She cites § 15.013 of the Texas Civil Practice and Remedies Code for the proposition that actions to restrain the execution of a judgment, based upon its invalidity, must be brought in the county in which the judgment was rendered. This argument is without merit, however, because a cause of action brought under § 3.90 of the Family Code is not an attempt to restrain the execution of a judgment. Riney did not protest the validity of the annulment decree, but simply asked a court of competent jurisdiction to divide undivided assets. As we have pointed out earlier in this opinion, venue was proper in Smith County. We overrule point of error five and *affirm* the judgment of the trial court.

11. TEX.CIV.PRAC. & REM.CODE ANN. § 15.011 (Vernon 1986).

12. *See Clendenin v. Krock*, 527 S.W.2d 471, 473 (Tex.Civ.App.—San Antonio 1975, no writ) (The court held that "[t]he recitation in a divorce decree that no community property was acquired during the marriage is not *res judicata* so as to prevent plaintiff from bringing suit to partition property shown to have been community property."); *see also Harkness*, 207 S.W.2d at 679.

13. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974).