ACCEPTED
01-14-00482-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/9/2015 3:32:58 PM
CHRISTOPHER PRINE
CLERK

# NO. 01-14-00482-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/9/2015 3:32:58 PM
CHRISTOPHER A. PRINE
Clerk

RSL-3B-IL, LTD.

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ET AL.

ON APPEAL FROM THE 269TH
DISTRICT COURT OF HARRIS COUNTY, TEXAS

**RESPONSE OF APPELLEES THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND PRUDENTIAL STRUCTURED SETTLEMENT COMPANY F/K/A PROPERTY AND CASUALTY INSURANCE COMPANY OF HOLMDEL, NEW JERSEY TO APPELLANT'S MOTION FOR REHEARING OR MOTION FOR RECONSIDERATION EN BANC**

Patrick B. Larkin
State Bar No. 24013004
plarkin@larkin-law.com
The Larkin Law Firm PC
11200 Broadway Street, Suite 2705
Pearland, Texas 77584
Telephone: (281) 412-7500
Facsimile: (281) 412-7502

**Of Counsel:**
Stephen R. Harris
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

**Counsel for Appellees The Prudential Insurance Company of America and Prudential Structured Settlement Company f/k/a Prudential Property and Casualty Insurance Company of Holmdel, New Jersey**

# TABLE OF CONTENTS

**Page**

I. ARGUMENT ....................................................................................... 4

    A. Standard of Review ................................................................. 4

    B. This Case Was Not a Collateral Attack ................................... 5

    C. The Trial Court's Decision Should be Affirmed ...................... 7

    D. RSL Misconstrues the Texas SSPA ......................................... 9

    E. The Court Did Not Expand the Meaning of Transferred
       Payments ................................................................................ 10

II. CONCLUSION ................................................................................ 14

III. PRAYER FOR RELIEF .................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Brookshire Bros., Inc. v. Smith,*
176 S.W.3d 30 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)..................4

*Dall. Nat'l Ins. Co. v. Calitex Corp.,*
458 S.W.3d 210 (Tex. App. –Dallas 2015)..........................................6

*Harris v. Balderas,*
27 S.W.3d 71 (Tex. App.—San Antonio 2000, pet. denied) ..............................6

*Johnson v. Structured Asset Servs., LLC,*
148 S.W.3d 711 (Tex. App.—Dallas 2004, no pet.)....................................2, 13

*Kansas City S. Ry. Co. v. Oney,*
380 S.W.3d 795 (Tex. App.—Houston [14th Dist.] 2012, no pet.)....................4

*Perry v. Commerce Loan Co.,*
383 U.S. 392, 86 S. Ct. 852, 15 L. Ed. 2d 827 (1966)................................14

*PNS Stores, Inc. v. Rivera,*
379 S.W.3d 267 (Tex. 2012) ........................................................5

*Ryals v. Ogden,*
No. 14-07-01008-CV, 2009 Tex. App. LEXIS 6634 (Tex. App.—
Houston [14th Dist.] Aug. 25, 2009, no pet.)......................................7

*Sharp v. House of Lloyd, Inc.,*
815 S.W.2d 245 (Tex. 1991) ........................................................14

*Sigmar v. Anderson,*
212 S.W.3d 789 (Tex. App.—Austin 2006, no pet.) ..................................5

*Stanley v. Riney,*
970 S.W.2d 636 (Tex. App.--Tyler 1998, no pet.)..................................6-7

*State Farm Lloyds v. C.M.W.,*
53 S.W.3d 877 (Tex. App.—Dallas 2001, pet. denied) ..............................6

*Transamerica Occidental Life Ins. Co. v. Rapid Settlements, Ltd.*,
    284 S.W.3d 385 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ................ 3, 13

*Wilson v. Dvorak*,
    228 S.W.3d 228 (Tex. App.—San Antonio 2007, pet. denied) ......................... 13

**STATUTES, RULES & REGULATIONS**

Tex. R. App. P. 41.2(c) ....................................................................... 4

Tex. Civ. Prac. & Rem. Code § 141.002(18) ....................................... 11-12

Tex. Civ. Prac. & Rem. Code § 141.005(1) ......................................... 10-11

Tex. Civ. Prac. & Rem. Code § 141.005(4) ......................................... 11, 13

Tex. Civ. Prac. & Rem. Code § 141.006(b)(5) .......................................... 9

Tex. Civ. Prac. & Rem. Code § 141.007(f) .......................................... 3, 10

Texas Structured Settlement Protection Act, Tex. Civ. Prac. & Rem. Code §
    141.001 et seq. ...................................................................... *passim*

# RECORD REFERENCES

Record citations appearing as "CR" refer to the Original Clerk's Record filed in the First Court of Appeals on August 12, 2014.

Record citations appearing as "1st Supp. CR" refer to the 1st Supplemental Clerk's Record filed in the First Court of Appeals on October 27, 2014.

Record citations appearing as "2nd Supp. CR" refer to a second Supplemental Clerk's Record that was filed in the First Court of Appeals on December 12, 2014.[1]

Record citations appearing as "RR" refer to the Reporter's Record filed in the First Court of Appeals on December 10, 2013.

---

[1] This second Supplemental Clerk's Record, when filed, was identified as a "1st Supplemental Clerk's Record." However, it is actually the second supplemental record, the first one having been filed on October 27, 2014, and therefore, for clarity of citation reference, it is referred to herein as "2nd Supp. CR."

MAY IT PLEASE THE COURT:

Based on the motion for rehearing or motion for reconsideration en banc filed by plaintiff-appellant RSL-3B-IL, Ltd. ("RSL"), it is easy to get distracted from who brought this case and what it is actually about: RSL brought a breach of contract claim against appellees based on an order for the transfer of structured settlement payments.[2] RSL did not sue to enforce a court order, and this case was not about a collateral attack. This was a *breach of contract* case, but without a contract or a breach.

While RSL has taken issue with this Court's decision and the outcome of its appeal, RSL has only itself to blame in creating this situation. RSL, through its purported assignee Rapid Settlements, Ltd. ("Rapid"), obtained a court order (the "Rapid Order") directing the Prudential Defendants to remit certain portions of monthly periodic payments to RSL, even though the Prudential Defendants were already required by a previous court order to deliver and make payable the entirety of each periodic payment to a different factoring company, Settlement Capital Corporation ("SCC"). The Prudential Defendants attempted to resolve the

_____

[2] Appellees here are The Prudential Insurance Company of America ("Prudential") and Prudential Structured Settlement Company f/k/a Prudential Property and Casualty Insurance Company of Holmdel, New Jersey ("PSSC") (collectively, the "Prudential Defendants").

- 1 -

conflicting orders through a stipulation and amended order. RSL, however, failed to satisfy its obligations or cooperate to resolve the matter.

Instead, RSL instituted a new proceeding, asserting a breach of contract claim against the Prudential Defendants. The Prudential Defendants interpleaded the funds at issue, disclaiming any interest in them. After a trial on the merits, the trial court rendered judgment for the Prudential Defendants; the Prudential Defendants were awarded certain attorneys' fees; and RSL could claim the interpleaded funds. Yet still, despite the monies being on hold with the registry of the court and available to RSL, RSL appealed.

Inexplicably, RSL brought a breach of contract claim to enforce the Rapid Order. But this claim fails as a matter of law. To divert attention away from this, RSL attempts to argue now that this case was collateral attack on the Rapid Order, even though the case was brought by RSL and certainly not as a collateral attack.

RSL also attempts to turn the Texas Structured Settlement Protection Act, Tex. Civ. Prac. & Rem. Code § 141.001 *et seq.* (the "Texas SSPA"), on its head, asserting requirements that do not exist in the statute and otherwise interpreting the statute to absurd results. Texas courts have long recognized the concern for potential abuse by factoring companies like RSL, and that the Texas SSPA was enacted to protect against this potential abuse. *See Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 728-29 (Tex. App.—Dallas 2004, no pet.);

- 2 -

*Transamerica Occidental Life Ins. Co. v. Rapid Settlements, Ltd.*, 284 S.W.3d 385, 391 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (op. on reh'g) ("Texas and the forty-two other states that have enacted structured settlement protection acts did so to protect unwary tort claimants from potential abuse in their transactions with factoring companies."). This is also why compliance with the requirements of the Texas SSPA and fulfilment of its conditions "are solely the responsibility of the transferee," *i.e.*, the factoring company like RSL. *See* Tex. Civ. Prac. & Rem. Code § 141.007(f).

In addition and of significance here is the fact that the structured settlement obligors and annuity issuers, like PSSC and Prudential, respectfully, are not parties to or involved in the transfer of payments or the terms therein. These terms are decided by and between the payee and factoring company. Despite this, RSL would seek to take rights and safeguards away from the innocent stakeholders, as well as impose additional obligations and liabilities not found in the Texas SSPA. Not only does RSL lack authority for this, but it would unfairly punish structured settlement obligors and annuity issuers and open them up to multiple liabilities, solely based on transactions and agreements between factoring companies and payees and not the innocent stakeholders. Such an unjust result cannot be read into the statute.

As set forth in the Prudential Defendants' Appellees' Brief and herein, the

Court reached the correct conclusion, affirming the trial court's judgment.[3]  RSL has not established it is entitled to a rehearing or reconsideration en banc.

# I.
# ARGUMENT

## A.  Standard of Review

Rule 41.2(c) supplies the legal standard for determining whether to grant a motion for en banc reconsideration. *See Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 40-41 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *Kansas City S. Ry. Co. v. Oney*, 380 S.W.3d 795, 813 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (Frost, j., concurring).

The rule provides, "En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration."  Tex. R. App. P. 41.2(c); *Brookshire Bros*, 176 S.W.3d at 41("en banc reconsideration is limited to situations in which (1) en banc reconsideration is necessary to secure or maintain uniformity of the Court's decisions or (2) extraordinary circumstances require en banc consideration").

---

[3] Rather than subject the Court to a lengthy recitation of the facts, the Prudential Defendants refer the Court to its appellate response brief, filed January 12, 2015, incorporated herein by reference.

**B.    This Case Was Not a Collateral Attack.**

RSL argues that the present case is a collateral attack on the Rapid Order. However, a collateral attack is an "attempt to avoid the effect of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief, which the judgment currently stands as a bar against"). *Sigmar v. Anderson*, 212 S.W.3d 789, 793 (Tex. App.— Austin 2006, no pet.); *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) ("collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes").

The Prudential Defendants did not institute these proceedings. RSL brought this case – as a breach of contract case – and, if anything, was seeking to enforce the Rapid Order. The Prudential Defendants simply denied the breach of contract claim, while also filing a Petition for Interpleader, disclaiming any right or interest in the Payments at Issue and seeking certainty regarding to whom the Payments at Issue should be made because of the two conflicting orders. *See* 1st Supp. CR 24-114 at 34-35. It is not clear how RSL's breach of contract case is a proceeding instituted "in order to obtain some specific relief, which the judgment [*i.e.*, the

Rapid Order] currently stands as a bar against."[4] RSL has not established that this proceeding is a collateral attack.

Further, this Court, in its July 9, 2015 Judgment, simply affirmed the trial court's judgment. In the trial court's final judgment, it ordered that RSL "recover the remaining interpleader funds" after the jury award of attorneys' fees was provided to the Prudential Defendants. *See* CR 5. In other words, RSL can claim the funds it seeks, and this relief is in line with – not a bar against – the relief in the Rapid Order. Thus, RSL has not demonstrated how this case, which it instituted, collaterally attacks the Rapid Order. *See Dall. Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210 (Tex. App. –Dallas 2015) (determination in present case would not impact underlying judgment; therefore the proceeding was not a collateral attack on the underlying judgment); *State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877 (Tex. App.—Dallas 2001, pet. denied) (declaratory judgment action was not collateral attack on underlying judgment); *Harris v. Balderas*, 27 S.W.3d 71, 74 (Tex. App.—San Antonio 2000, pet. denied) (suit was not collateral attack); *Stanley v. Riney*, 970 S.W.2d 636, 639 (Tex. App.--Tyler 1998, no pet.) ("suit to divide

---

[4] Indeed, if anything, this case and the Rapid Order was an impermissible collateral attack on the SCC Order. With the Rapid Order, Rapid and RSL sought to obtain relief, *i.e.*, payments, against which the SCC Order stood as a bar, because such payments were already scheduled to go to SCC. While RSL argues that the Rapid Order binds this Court, *see* Motion at p. 9 *et seq.*, it is not clear why RSL believes that the SCC Order is not binding as well.

undivided assets was not a collateral attack on the Rusk County annulment decree, but a statutorily authorized procedure to accomplish an act which had not yet been done"); *Ryals v. Ogden*, No. 14-07-01008-CV, 2009 Tex. App. LEXIS 6634, *7 (Tex. App.—Houston [14th Dist.] Aug. 25, 2009, no pet.) (mem. op.) (suit was not a collateral attack because it did not seek to avoid the effect of judgment).

## C.    The Trial Court's Decision Should be Affirmed.

The motion for rehearing or reconsideration en banc should be denied, as the trial court's decision was correctly affirmed.

Even assuming for argument's sake that this action was an improper collateral attack on the Rapid Order and even assuming the Rapid Order is valid and enforceable, the Court still correctly affirmed the trial court's decision. The issue here was whether RSL had a breach of contract claim against the Prudential Defendants. This claim failed.

Part of the confusion that RSL attempts to create here stems from RSL's reliance on the Rapid Order as the basis for its breach of contract. However, as set forth in the Prudential Defendant's Appellees' Brief, court orders cannot constitute contracts; they do not have the requisite elements of a contract; and the Prudential Defendants cannot be held contractually liable for confusing or inaccurate court orders. *See* Appellees' Brief at Section III(B)(1).

Further, RSL failed to prove that that there was a contract assigned to RSL and that the Prudential Defendants were parties to such a contract. RSL purports to have been assigned the rights to the Annuity payments in the Rapid Order. However, the Annuity contract was not owned by Adegoke, and without such ownership rights, she did not have the right to direct or assign the payments. In addition, case law makes clear that an annuitant, like Adegoke, has no enforceable interest in the annuity, and, therefore, neither does anyone purporting to make a claim through her, like RSL. *See* Appellees' Brief at Section III(B)(2)-(3); *see also* Appellees' Brief at Section III(B)(5)-(6)

RSL's attempt to point to other contracts likewise fails. Such purported contracts, such as the Settlement Agreement, Qualified Assignment, and Transfer Agreement, are unavailing to RSL, because RSL failed to prove that those contracts were assigned to RSL and that the Prudential Defendants were parties. *See* Appellees' Brief at Section III(B)(4), (7). Moreover, this Court recognized that the "evidence conclusively proves that Prudential owed no payment obligation to Adegoke when she entered into the RSL transfer agreement," *i.e.*, the Transfer Agreement between Adegoke and Rapid. *See* Opinion, p. 14; *see also* SCC Order. RSL's problem is that it sought the purported payment obligation from the wrong party.

RSL's claim is not recognized by the courts in Texas or elsewhere. To allow such a claim to succeed would reward RSL for creating this situation by obtaining a conflicting order and refusing the other parties' attempts to resolve the problem. It would be yet another instance of a factoring company bullying innocent stakeholders who get dragged into these disputes based on factoring transactions to which they were not a party. It would further spur abusive practices by factoring companies and create untold and unfounded liabilities for innocent stakeholders.

### D. RSL Misconstrues the Texas SSPA

RSL provides a blatant misreading of the Texas SSPA by stating that interested parties under the statute "must" file written comments or written responses to a transfer application. *See* Motion, p. 13. That is not what the Texas SSPA provides. It states that notice must be given that "any interested party is entitled to support, oppose, or otherwise respond to the transferee's application, either in person or by counsel, by submitting written comments to the court or by participating in the hearing." Tex. Civ. Prac. & Rem. Code § 141.006(b)(5). Thus, an interested party is *entitled* to – *i.e.*, can, if it so chooses – support, oppose, or otherwise respond to a transfer petition, and it can do so by submitting written comments *or* by participating in the hearing.

The Court's reading of the statute, that the SSPA has no provision imposing the responsibility on the Prudential Defendants to intervene and call attention to

the prior order, is reasonable. The plain language of the statute gives an interested party the *ability* to support or oppose the transfer. This makes sense, as a factoring company may have otherwise attempted to bar such interested party from the transfer proceedings without the inclusion of such a provision in the statute. But the Texas SSPA by its plain terms does not obligate an interested party to participate.

While the factoring companies would certainly like to shift the burden away from themselves, the Texas SSPA specifically contains provisions that put the burden on the factoring company for compliance and shift liability away from the structured settlement obligor and annuity issuer. *See* Tex. Civ. Prac. & Rem. Code § 141.007(f) ("Compliance with the requirements in Section 141.003 and fulfillment of the conditions in Section 141.004 are solely the responsibility of the transferee in any transfer of structured settlement payment rights, and neither the structured settlement obligor nor the annuity issuer bear any responsibility for, or any liability arising from, noncompliance with the requirements or failure to fulfill the conditions."). RSL's interpretation of the statute has no support.

## E. The Court Did Not Expand the Meaning of Transferred Payments.

Under the Texas SSPA, following the transfer of structured settlement payment rights, "the structured settlement obligor and the annuity issuer shall, as to all parties except the transferee, be discharged and released from any and all

liability for the transferred payments." Tex. Civ. Prac. & Rem. Code § 141.005(1). RSL argues that, in reference to the factoring transaction with SCC, this provision only discharges and releases the Prudential Defendants as to certain portions of the periodic payments and not the entire monthly payment. *See* Motion at p. 16.

First, however, part of the transaction between SCC and Adegoke included an agreement whereby SCC would service certain portions of the payments. This was likely due to the fact that under the Texas SSPA, "neither the structured settlement obligor nor the annuity issuer may be required to divide any periodic payment between the payee and any transferee or assignee or between two or more transferees or assignee." Tex. Civ. Prac. & Rem. Code § 141.005(4). In other words, because the Prudential Defendants could not legally be obligated to split payments, part of the agreement between SCC and Adegoke included an agreement that SCC would receive the full amount of each payment and service a portion to Adegoke. This servicing arrangement was a consideration in the cost of the transaction, namely, whether SCC would enter into the factoring transaction, what payments it would purchase, and the amount of the lump sum it would provide to Adegoke. In the factoring transaction, Adegoke agreed, in exchange for a lump sum payment, that SCC would receive the entire amount of each periodic payment, keep a portion for itself, and send another portion to Adegoke. This constitutes a "transfer" under the Texas SSPA. *See* Tex. Civ. Prac. & Rem. Code §

- 11 -

141.002(18) (" 'Transfer' means any sale, assignment, pledge, hypothecation, or other alienation or encumbrance of structured settlement payment rights made by a payee for consideration").

Second, and more significantly, RSL's interpretation of the Texas SSPA dismisses the language of the SCC Order. The SCC Order states that the Prudential Defendants are "directed to *deliver and make payable* to Transferee Settlement Capital Corporation" the full amount of each monthly periodic payment. *See* RR, Vol. 6, Plaintiff's Ex. 4, p. 3 (emphasis added). It was not the case that the Prudential Defendants split the payments between SCC and Adegoke or made two checks to two payees. They had to make the entire amount *payable* to SCC, and in doing so, were transferring the entire payment to SCC.

Under RSL's interpretation, following entry of the SCC Order, the Prudential Defendants were only released and discharged from liability as to certain portions of the periodic payments, despite the obligation to send the entirety of each periodic payment to SCC. *See* Motion, p. 16. In other words, under RSL's interpretation, even though the Prudential Defendants had to send and make payable each periodic payment to SCC, and even though the Prudential Defendants could not be required to split the payments, they could still be liable for portions of such payments after they were remitted to SCC. This makes no sense and shifts the risk back onto the innocent stakeholders that were not even parties to the

transfer agreement. This reading is wholly out of line with the purpose of the SSPAs, which is to regulate factoring transactions and protect against abuses by factoring companies. *See Johnson*, 148 S.W.3d at 728-29; *Transamerica Occidental Life*, 284 S.W.3d at 391.

More significantly, RSL's interpretation would effectively mean that any court-approved transfer that has ever taken place under the Texas SSPA that involved a servicing agreement did not actually discharge the structured settlement obligor or annuity issuer for the serviced payments, and that any payee could then come back at such parties for the payments made to the factoring companies. For the future, this means that, despite the legal provision that "neither the structured settlement obligor nor the annuity issuer may be required to divide any periodic payment," *see* Tex. Civ. Prac. & Rem. Code § 141.005(4), if they do not agree to split the payments, they could still be liable for such amounts after remitting them to the factoring company. The structured settlement obligor and annuity issuer are never parties to the transfer agreements, and this would either make them bear the risk and multiple liability or make them effectively do what they cannot be legally obligated to do (split payments), depending on terms decided between the factoring companies and payees.

This kind of conclusion cannot be countenanced. Statutory interpretation does not allow for absurd or unreasonable results. *See Wilson v. Dvorak*, 228

S.W.3d 228, 232-3 (Tex. App.—San Antonio 2007, pet. denied) ("We presume the Legislature intended a just and reasonable result in enacting a statute…therefore, we avoid statutory interpretations that would produce absurd results"); *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991) ("Interpretations of statutes which would produce absurd results are to be avoided"); *see also Perry v. Commerce Loan Co.*, 383 U.S. 392, 400, 86 S. Ct. 852, 15 L. Ed. 2d 827 (1966) (avoiding statutory interpretations that lead futile, absurd, or unreasonable results).

## II.
## CONCLUSION

In this case, RSL sought payment from the wrong parties, as the Prudential Defendants owed no payment obligation to Adegoke at the time she entered into the deal with Rapid. Rather than correcting its mistake, RSL decided to double down on its error by asserting a baseless breach of contract claim against the Prudential Defendants. Its breach of contract claim failed on multiple grounds. Despite losing at trial and yet still able to obtain the monies it sought, it continues this needless litigation. With its most recent filing, it has failed to demonstrate that the Court should grant a rehearing or reconsideration en banc.

## III.
## PRAYER FOR RELIEF

For all of the foregoing reasons, the Prudential Defendants respectfully request that the Court deny RSL's motion for rehearing or reconsideration en banc,

- 14 -

deny the relief sought in RSL's appeal, dismiss this appeal, and affirm the trial court's orders and jury's award of attorneys' fees and interest to the Prudential Defendants.

Dated September 9, 2015

Respectfully submitted,

___/s/ Patrick B. Larkin_____
Patrick B. Larkin
State Bar No. 24013004
plarkin@larkin-law.com
**THE LARKIN LAW FIRM, P.C.**
11200 Broadway Street, Suite 2705
Pearland, Texas 77584
Telephone: (281) 412-7500
Facsimile: (281) 412-7502

Of Counsel:
Stephen R. Harris (admitted *pro hac vice*)
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

**Counsel for Appellees The Prudential Insurance Company of America and Prudential Structured Settlement Company f/k/a Prudential Property and Casualty Insurance Company of Holmdel, New Jersey**

## CERTIFICATE OF COMPLIANCE

I certify the Response of Appellees The Prudential Insurance Company of America and Prudential Structured Settlement Company f/k/a Prudential Property and Casualty Insurance Company of Holmdel, New Jersey to Appellant's Motion for Rehearing or Motion for Reconsideration En Banc complies with the word-count limit specified by Texas Rule of Appellate Procedure 9.4(i)(2)(B). According to the word counter used by Microsoft Word (version 14.0.6112.5000) computer software, this brief contains 3306 words of text, excluding the certificates.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2015, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system and have served all counsel of record, in compliance with Texas Rule of Appellate Procedure 9.5.

E. John Gorman
John R. Craddock
The Feldman Law Firm LLP
Two Post Oak Central
1980 Post Oak Blvd., Suite 1900
Houston, Texas 77056-3877
*Counsel for Appellant, RSL-3B-IL, Ltd.*


Earl S. Nesbitt
Davis S. Vassar
Nesbitt, Vassar & McCown, LLP
15851 Dallas Parkway, Suite 800
Addison, Texas 75001
*Counsel for Appellee, Settlement Capital Corporation*

Greg Hill
Greg Hill, Attorney, PLLC
11200 Broadway, Suite 2743
Pearland, Texas 77584
*Counsel for Appellee, Olubumi Adegoke*


_____/s/ Patrick B. Larkin_____
PATRICK B. LARKIN